DEGRANDCHAMP v MICHIGAN MUTUAL INSURANCE
COMPANY

Docket No. 47711. Submitted June 9, 1980, at Detroit.—Decided
August 27, 1980.

The motorcycle of Gerald Degrandchamp, plaintiff, was damaged
when it collided with an automobile insured by Michigan
Mutual Insurance Company, defendant. The plaintiff com-
menced an action in Wayne Circuit Court seeking property
protection insurance benefits from the defendant under the
Michigan no-fault insurance law. The plaintiff moved for sum-
mary judgment, which motion was granted by Susan D. Bor-
man, J. The defendant appeals, alleging that the trial court
erred in holding that a motorcycle is not excluded from prop-
erty protection benefits under the no-fault insurance act. *Held:*

1. It is within the legislative power to define the sense in
which words are employed in a statute, and such a statutory
definition supersedes other definitions, whether judicial, dictio-
nary, or other.

2. The Michigan no-fault insurance statute contains no spe-
cific exception of two-wheeled vehicles from the definition of
"vehicle" in the property protection insurance benefits exclu-
sion provision, therefore the definition of "vehicle" in the
statute includes motorcycles.

Reversed and remanded for entry of judgment in favor of
defendant.

1. STATUTES — DEFINITIONS — LEGISLATIVE POWER.

It is within the legislative power to define the sense in which
words are employed in a statute and such a statutory definition
supersedes other definitions, whether judicial, dictionary, or
other.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 165, 223, 224.
[2] 7 Am Jur 2d (Rev), Automobile Insurance § 353.
  What constitutes a "motor vehicle" covered under no-fault insur-
  ance. 60 ALR3d 651.

2. INSURANCE — NO-FAULT INSURANCE — VEHICLES — MOTORCYCLES.
The Michigan no-fault insurance statute contains no specific exception of two-wheeled vehicles from the definition of "vehicle" in the property protection insurance benefits exclusion provision, therefore, the definition of "vehicle" in the statute includes motorcycles (MCL 500.3101 *et seq.*, 500.3123[1][a]; MSA 24.13101 *et seq.*, 24.13123[1][a]).

*Law Offices of Howard Schwartz* (by *Martin C. Van Houzen, Jr.*), for plaintiff.

*Law Offices of George A. Hilborn* (by *Michael J. Mason*), for defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

BASHARA, P.J. Plaintiff's motorcycle was damaged when it collided with an automobile. He commenced this action seeking property protection insurance benefits from defendant, the no-fault insurer of the automobile. Pursuant to GCR 1963, 117.2(3), the trial court granted plaintiff's motion for summary judgment.

Defendant appeals, alleging that the trial court erred in holding that a motorcycle is not excluded from property protection benefits under the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* Specifically, the defendant relies on MCL 500.3123(1)(a); MSA 24.13123(1)(a), which states, in pertinent part:

"(1) Damage to the following kinds of property is excluded from property protection insurance benefits:
"(a) Vehicles and their contents, including trailers, operated or designed for operation upon a public highway by power other than muscular power, unless the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred."

Whether a motorcycle is a "vehicle" within the meaning of § 3123 has not been previously considered by our Court. In *Davidson v Johnson (On Rehearing)*, 79 Mich App 661; 262 NW2d 887 (1977), this Court addressed a similar question. We held that property damages to a motorcycle are recoverable from the insurer of the automobile under the residual liability insurance coverage provision, MCL 500.3131; MSA 24.13131, where the driver of the automobile is at fault. The holding in *Davidson* was based upon the reasoning of *Shavers v Attorney General*, 65 Mich App 355, 369-370; 237 NW2d 325 (1975), which held that the property damage classifications of the no-fault act were unconstitutional as being violative of due process and equal protection. However, that ruling was reversed in *Shavers v Attorney General*, 402 Mich 554, 630-632; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979). Consequently, we conclude that the precedential value of *Davidson* has been extinguished.

Both parties cite *Shavers, supra,* as authority for their positions. *Shavers* did not address the issue presented in this case. The Michigan Supreme Court held that the exclusion of motorcycles from the mandatory no-fault coverage provision was constitutional. *Id.,* 634.

Plaintiff admits that had he been driving an automobile at the time of the accident, such recovery would have been prohibited by § 3123.[1] However, he argues that the Court's approval of the act's differing treatment of motorcycles and auto-

[1] Effective July 1, 1980, the Legislature amended the no-fault act to allow recovery of up to $400 for damages to motor vehicles in a tort action against the party at fault. 1979 PA 145, 147; § 3135(2)(d).

mobiles supports his position that he should be able to recover property protection benefits from the insurer of the car.

The holding in *Shavers* interpreted § 3101(2), which defines "motor vehicle," as not including two-wheeled vehicles. The definition of "motor vehicle" in § 3101(2)[2] is not the same as the definition of "vehicle" in § 3123. The fact that the Legislature detailed a different definition for "vehicle" from that already stated for "motor vehicle" is evidence of the fact that it intended different meanings for the two terms. Furthermore, review of the act as a whole reveals that the term "motor vehicle" is not used interchangeably with "vehicle". Therefore, *Shavers* is of no assistance in resolving the issue before us.

It is within the legislative power to define the sense in which words are employed in a statute. *Erlandson v Genesee County Employees' Retirement Comm,* 337 Mich 195, 204; 59 NW2d 389 (1953), quoting 50 Am Jur, Statutes, § 261, p 253. Such a statutory definition supersedes other definitions, whether judicial, dictionary, or other. *Id.* "We need not, indeed we must not, search afield for meanings where the act supplies its own." *W S Butterfield Theatres, Inc v Dep't of Revenue,* 353 Mich 345, 350; 91 NW2d 269 (1958).

Review of the statute reveals that there is no specific exception of two-wheeled vehicles from the definition of "vehicle" in the property protection insurance benefits exclusion statute. Consequently, we conclude that the definition of "vehicle" in the

---

[2] " 'Motor vehicle' as used in this chapter, except for section 3103, means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels, but does not include a moped as defined in section 32b of Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan Compiled Laws." MCL 500.3101(2); MSA 24.13101(2).

statute clearly includes motorcycles. The trial court erred in holding that the plaintiff was entitled to no-fault property damage benefits.

Reversed and remanded for entry of judgment in favor of defendant. Costs to defendant.