**CHESAPEAKE & OHIO RAILWAY COMPANY, Plaintiff,**

v.

**Duane Archie TANTON et al., Defendants.**

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff,**

v.

**CHESAPEAKE & OHIO RAILWAY COMPANY et al., Defendants.**

**Civ. A. No. 79–10163, 79–10286.**

United States District Court, E. D. Michigan, N. D.

Sept. 10, 1980.

**7.** See n. 3, *supra.*

A. T. Lippert, Smith & Brooker, P. C., Saginaw, Mich. for C. & O. Railway Co.

Frederick L. Schmoll, III, Neal & Lengauer, Flint, Mich., for defendants Tanton and Felske.

D. J. Watters, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pederson, Detroit, Mich., for St. Paul Fire & Marine Insurance.

George M. Tunison, Purcell, Tunison & Cline, P. C., Saginaw, Mich., Robert J. Stroebel, Stroebel & Meyer, P. C., Frankenmuth, Mich., for Star of the West and Michigan Millers Mutual Insurance Co.

Patrick D. Neering, Isackson, Neering & Quinn, P. C., Bay City, Mich., for Michigan Mutual Insurance Co.

Warren G. Otto, Otto & Otto; Saginaw, Mich., for Auto-Owners Insurance Co.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

The above-entitled actions which were consolidated by order of March 4, 1980 arise out of a collision between a truck insured by defendant and counter-plaintiff, St. Paul Fire and Marine Insurance Co. (St. Paul), and a train owned and operated by plaintiff and counter-defendant, Chesapeake & Ohio Railway Co. (C & O RR), on January 11, 1979.

In Civil Action No. 79–10163, plaintiff C & O RR sued the driver of the truck, Duane Archie Tanton, its owner, Larry Felske and the insurer, St. Paul Fire and Marine Insurance Co. for damages caused to plaintiff's equipment, right-of-way and property under its control and transported by it as an interstate common carrier.

In Civil Action No. 79–10286, plaintiff St. Paul brought suit for a declaratory judgment to determine its liability for property protection insurance benefits to other owners of property besides C & O RR damaged as a result of the collision. St. Paul denies liability to C & O RR, however, for property protection insurance benefits. The matter is before the Court as follows:

1.) C & O RR's and St. Paul's cross motions for summary judgment on the issue of liability; and

2.) Defendants and counter-claimants, Michigan Millers Mutual Insurance Co. and Star of the West Milling Co. motion for interlocutory summary judgment against St. Paul.

The Court will now address itself to these motions.

### C & O RR & St. Paul's Cross-Motions for Summary Judgment

■ The real issue raised by C & O RR and St. Paul's cross-motions for summary judgment is whether C & O RR is precluded from recovering for damages to its property under the Michigan No-Fault Insurance Act, M.C.L.A. § 500.3121 *et seq.* M.S.A. § 24.13121 *et seq.*

The pertinent portions of the Michigan No-Fault Insurance Act provide as follows:

"(1) Under property protection insurance an insurer is liable to pay benefits for accidental damage to property arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3123, 3125, and 3127."

M.C.L.A. § 500.3121, M.S.A. § 24.13121

Section 3123 provides at section 1:

"Damage to the following kinds of property is excluded from property protection insurance benefits:

(a) Vehicles and their contents, including trailers, operated or designed for operation upon a public highway by power other than muscular power, unless the vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred."

M.C.L.A. § 500.3123, M.S.A. § 24.13123

The defendant and counter–plaintiff St. Paul argues that since the train was a vehicle operated upon a public highway, C & O RR is not entitled to property protection insurance benefits under the provisions of the Act cited *supra.*

It is well established that motions for summary judgment can only be granted when there exists no genuine issue of material fact precluding either party from being entitled to a judgment as a matter of law. F.R.Civ.P. 56; *Felix v. Young,* 536 F.2d 1126, 1130 (CA 6, 1976). Clearly, the instant action is such a case where summary judgment is appropriate as there exists no genuine issue as to any material fact and only a question of law remains.

The question of law presented in this case is an interesting one. The Court, however, cannot concur with defendant and counter–plaintiff St. Paul's analysis that a train is a "vehicle . . . operated or designed for operation upon a public highway . . ." within the meaning of the Michigan No–Fault Insurance Act.

The authority cited by counsel for C & O RR persuades the Court that the legislature did not intend the phrase "vehicle . . . operated or designed for operation upon a public highway" to include trains operated on stationary rails on their own right of ways which intersect public highways. Uniform Vehicle Accident Reparations Act § 1(a)(7), 13 ULA; Railroad Property Equipment & Services Act, M.C.L.A. § 469.-1, M.S.A. § 22.761; *Shavers v. Attorney General,* 402 Mich. 554, 631, 267 N.W.2d 72 (1978).

Counsel for St. Paul contends that since the term "vehicle" is not defined by the Michigan No–Fault Insurance Act, this term must be construed and understood according to the common and approved usage of the language pursuant to M.C.L.A. § 8.3a. Although the term "vehicle" under a dictionary definition may include a train, the Court cannot remove the term from the context in which it is used in the Act, that is a "vehicle . . . operated or designed for operation upon a public highway . . ." in order to define it in such an isolated fashion. To further support the assertion that the term vehicle incorporates trains, counsel for St. Paul states that such a construction is not inconsistent with the legislative intent as set forth in *Shavers v. Attorney General,* 402 Mich. 554, 267 N.W.2d 72 (1978). The pertinent portion of the opinion upon which counsel relies states:

"Owners of moving or improperly parked motor vehicles may collect compensation from their own insurers, if they have chosen to self–insure." 402 Mich. at 631, 267 N.W.2d at 102.

From a careful reading of this passage, however, it becomes clear that the Supreme Court of Michigan is referring to owners of moving "motor vehicles" and not simply moving vehicles as asserted by counsel. Further, counsel's interpretation of the legislative intent is negated by the language of Justice Williams in *Shavers,* cited by counsel for C & O RR, which reads as follows:

"It is possible that a motorist's insurer will be liable to the owners of stray animals, trains, or other non–stationary tangible property which may occasion the damage." 402 Mich. at 631, footnote 58, 267 N.W.2d at 103 n. 58.

880

Moreover, it is difficult to perceive how the state legislature could include trains within the meaning of the term "vehicle" as used in the Michigan No–Fault Insurance Act even if it had so intended as the law regarding the liability of railroads in such cases may very well be pre–empted by federal law.

Even without reference to federal law or to the Michigan Vehicle Code's definition of the term vehicle as urged by counsel for C & O RR, the Court remains unpersuaded, either by the arguments of counsel for St. Paul or the authorities cited by him, that the Michigan No–Fault Insurance Act precludes the C & O RR from recovering property protection insurance benefits for damages caused to its train equipment and the property under its control.

Accordingly, plaintiff and counter–defendant C & O RR's motion for summary judgment as to the issue of liability is hereby GRANTED and defendant and counter-plaintiff St. Paul Fire & Marine Insurance Co.'s motion for summary judgment is hereby DENIED.

*Defendant and Counter–Claimant's Motion for Interlocutory Summary Judgment Against St. Paul*

 Star of the West Milling Co. and its insurer, Michigan Millers Mutual Insurance Co. counterclaimed against St. Paul in Civil Action No. 79–10286 for damages from St. Paul as a property protection insurer for destruction of a building with contents owned by Star of the West and insured by Michigan Millers. The building was destroyed as a result of the collision described earlier. Michigan Millers paid part of the losses of Star of the West by reason of an insurance contract and is subrogated and a real party in interest as to a part of the total claim. Star of the West and Michigan Millers move the Court for summary judgment against St. Paul on the issue of liability. In response to this motion, St. Paul states that once the threshold issue of the determination of its liability to C & O RR is resolved, St. Paul does not intend to put Star of the West of Michigan Millers to trial on the issue of liability but only, perhaps, on the issue of damages.

Since the issue of St. Paul's liability to C & O RR has now been resolved, the Court, interpreting St. Paul's response to the counter–claimant's motion as an admission of liability, accordingly GRANTS Star of the West Milling Co. and Michigan Millers Mutual Insurance Co.'s motion for interlocutory summary judgment on the issue of liability against St. Paul Fire and Marine Insurance Co.

IT IS SO ORDERED.