BRADEN v SPENCER

Docket No. 46239. Submitted June 25, 1980, at Detroit.—Decided
October 7, 1980.

Plaintiff, David G. Braden, brought an action to recover property
damages for his motorcycle against defendant, Philip M. Spen-
cer, owner and operator of the automobile which collided with
plaintiff's motorcycle. Following a jury trial in 52nd District
Court, Martin L. Boyle, J., a judgment of $563.17 plus interest
and costs was entered in favor of plaintiff. Defendant moved for
a new trial arguing that plaintiff's tort recovery was abolished
by the no-fault insurance act. Plaintiff argued that property
damage to motorcycles was not within the scope of the section
of the no-fault insurance act abolishing tort liability. The
district court denied the motion for new trial, holding that the
no-fault insurance act abolished tort liability involving the use
of a motor vehicle but motorcycles, for the purpose of the no-
fault insurance act, are not motor vehicles, and, accordingly,
tort liability was not abolished for property damage arising out
of the use of a motorcycle. Defendant appealed to circuit court.
The Oakland Circuit Court, Steven N. Andrews, J., affirmed the
decision of the district court. Defendant appeals by leave
granted. *Held:*

1. The exclusion of motorcycles from the definition of motor
vehicles contained in the no-fault insurance act does not ex-
clude the motorcyclist from the act's coverage for all purposes.
The exclusion of motorcycles from the definition of a motor
vehicle indicates only a legislative intent to exempt motorcycle
owners from the requirement of obtaining no-fault insurance.
There is no indication that the Legislature intended to exclude
motorcyclists from the benefit provisions of the act. In view of
the fact that there appears to be an intent by the Legislature
that motorcyclists be covered by the benefit provisions of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d (Rev), Automobile Insurance § 353.
[2, 3] 7 Am Jur 2d (Rev), Automobile Insurance § 353.
What constitutes a "motor vehicle" covered under no fault insur-
ance. 60 ALR3d 651.

act, there is no legislative intent to exempt motorcyclists from the provision of the act which abolished tort liability.

2. The no-fault insurance act provides that, with respect to property protection insurance, damage to a vehicle and its contents is excluded from those benefits unless the vehicle is parked. Since this section of the act does not exclude two-wheeled vehicles, there is a clear intent that motorcycles are vehicles within the meaning of that section of the act. Accordingly, a motorcyclist is not entitled to payment of property protection benefits from the no-fault insurer of an automobile with which he collided.

Reversed and remanded.

1. CONSTITUTIONAL LAW — NO-FAULT INSURANCE — MOTORCYCLES — EQUAL PROTECTION.

Exclusion of motorcycle owners from the requirement of purchasing no-fault insurance coverage does not violate the equal protection clause (US Const, Am XIV, Const 1963, art 1, § 2).

2. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — TORTS — COMMON-LAW REMEDY — STATUTES.

The no-fault insurance act may not be construed as excluding a motorcyclist from the act's coverage for all purposes merely because motorcycles are excluded from the statutory definition of motor vehicles; accordingly, the exclusion of motorcycles from the no-fault insurance act's definition of motor vehicles does not permit the motorcyclist to both collect no-fault benefits and retain a common-law remedy in tort (MCL 500.3101, 500.3135; MSA 24.13101, 24.13135).

3. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — PROPERTY PROTECTION BENEFITS — STATUTES.

A motorcycle is a vehicle within the meaning of that term as used in the section of the no-fault insurance act which excludes from property protection insurance benefits damage to vehicles; the absence of the two-wheeled vehicle limitation in this section of the no-fault act evidences a clear intent that property protection benefits are not to be paid for damage to a motorcycle unless the motorcycle is parked in a manner which does not cause an unreasonable risk of damage (MCL 500.3123[1][a]; MSA 24.13123[1][a]).

*Simon, Fried & Feinberg* (by *Thomas M. Loeb),* for plaintiff and amicus curiae Midwest Insurance Company.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *A. Randolph Judd*), for defendant.

Amicus Curiae: *Barbier, Goulet, Petersmarck & McFarland, P.C.* (by *Daniel C. Symonds*), for amicus curiae Old Reliable Fire Insurance Company.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

V. J. BRENNAN, J. Plaintiff filed a complaint in district court for property damage to his motorcycle resulting when it collided with an automobile owned and operated by defendant. The jury returned a verdict of $563.17, together with interest of $130.92 and costs of $39.

Defendant's motion for a new trial was denied, the court ruling that the "no-fault statute abolishes tort liability in many circumstances involving the use of motor vehicles. Motorcycles are specifically not motor vehicles and thus tort liability is not abolished for damages arising out of the use of motorcycles."

Defendant appeals from an Oakland Circuit Court decision affirming the district court. Two questions are raised. The first is whether § 3135 of the Michigan no-fault act, limiting tort liability arising out of the ownership, maintenance or use of motor vehicles, applies to motorcyclists.

Section 3135 of the no-fault act, MCL 500.3135; MSA 24.13135, provides in pertinent part:

"(1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(2) Nowithstanding any other provision of law, tort liability arising from the ownership, maintenance or use within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect is abolished except as to:

"(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer such harm intentionally if he or she acts or refrains from acting for the purpose of averting injury to any person, including himself or herself, or for the purpose of averting damage to tangible property.

"(b) Damages for noneconomic loss as provided and limited in subsection (1).

"(c) Damages for allowable expenses, work loss and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly and 3-year limitations contained in those sections. The party liable for damages is entitled to an exemption reducing his or her liability by the amount of taxes that would have been payable on account of income the injured person would have received if he or she had not been injured."

Plaintiff argues, and the lower court found, that the Legislature never intended § 3135 to deny a motorcyclist his tort remedies for damages to his motorcycle. In support of this position plaintiff points to § 3101(2) of the act which states that the term "motor vehicle" as used in the act does not include two-wheeled vehicles.[1] Section 3101(1) requires that the owner or registrant of a motor vehicle obtain no-fault coverage; the exclusion of motorcycles from the definition of motor vehicles

---

[1] MCL 500.3101(2); MSA 24.13101(2) provides:

"(2) 'Motor vehicle' as used in this chapter, except for section 3103, means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels, but does not include a moped as defined in section 32b of Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan Compiled Laws."

exempts motorcycle owners from the obligation of obtaining no-fault insurance.[2]

The act's distinction between motorcycles and automobiles withstood constitutional attack in *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978). *Shavers* held that the equal protection clause is not violated by the act's exclusion of motorcycle owners from the requirement of purchasing no-fault coverage. The Supreme Court based its decision on "actuarial data" which indicated that, while motorcycles are rarely at fault in motor accidents, cyclists are seriously injured at a disproportionate rate. Accordingly, insurance premiums for no-fault coverage for cyclists would have been prohibitive.

"The thrust of plaintiffs' complaint is that the No-Fault Act, by limiting coverage to those vehicles with 'more than 2 wheels violates equal protection because it impermissibly treats owners of two-wheel vehicles (*i.e.,* motorcycle owners) differently from owners of vehicles with more than two wheels.

"We disagree.

"The actuarial data in the record tends to show that motorcycles are rarely at fault in motor vehicle accidents. Also, there was extensive testimony to the effect that in accidents involving motorcycles the drivers and passengers of motorcycles are killed or severely injured at a rate twice exceeding that of those involved in automobile accidents. Thus the inclusion of motorcycles in a no-fault system would result in insurance premiums so high as to preclude most motorcyclists from purchasing insurance. We believe these are, for purposes of satisfying equal protection, legitimate governmental interests. The exclusion of motorcycles from

---

[2] MCL 500.3101(1); MSA 24.13101(1) states:

"The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle."

coverage under the No-Fault Act is, quite evidently, reasonably related to these legitimate interests.

"We therefore hold that § 3101(2) of the No-Fault Act, in excluding two-wheel vehicles from coverage under the act, does not violate equal protection." (Footnotes deleted.) 402 Mich, 633-634.

Where *Shavers* left off on this issue, *Underhill v Safeco Ins Co,* 407 Mich 175; 284 NW2d 463 (1979), picks up. *Underhill* was a consolidation from two appeals. In the first case, the plaintiff was injured when the motorcycle he was riding collided with an automobile. That plaintiff did not own an automobile insured with no-fault coverage. In the second case, the plaintiff was injured when his motorcycle was struck by an automobile. That plaintiff lived with his father, who owned a car insured with no-fault coverage. The first issue presented was whether motorcyclists were entitled to "personal protection insurance benefits" (for work loss, allowable expenses and survivors' loss) commonly referred to as PIP ("no-fault benefits"), when involved in a collision with a motor vehicle. The Court answered in the affirmative.

"The act may not be construed as excluding the *motorcyclist* from its coverage for all purposes merely because *motorcycles* are excluded from the statutory definition of motor vehicle.

"We hold that under the terms of the no-fault act, motorcyclists are entitled to claim no-fault benefits when they are injured in accidents involving motor vehicles." (Emphasis in the Original.) 407 Mich, 186.

We find *Underhill* helpful in resolving the question now before us. The argument in *Underhill* was that, based upon the statutory definition of motor vehicles, motorcyclists should in all cases be treated differently and, in fact, should not be

subject to the no-fault act. As noted, this argument was rejected. In the instant case, appellee argues that since motorcycles are not "motor vehicles" pursuant to § 3101(2) motorcyclists retain their common law remedy in tort.

We are not so persuaded.

In drafting the no-fault act, we do not believe the Legislature intended that motorcyclists be excluded from § 3135. As *Shavers* noted, this legislation "was offered as an innovative social and legal response to the long payment delays, inequitable payment structure, and high legal costs inherent in the tort (or 'fault') liability system. * * * Under this system, victims of motor vehicle accidents would receive insurance benefits for their injuries as a substitute for their common-law remedy in tort." 402 Mich, 578-579.

The exclusion of motorcycles from the act's definition of motor vehicles does not illustrate a legislative intent to exempt motorcyclists from the effect of the abolition of tort liability by § 3135. Had the Legislature intended that § 3135 not apply to motorcycles and motorcyclists, it could have used clearer and more definitive language. The only intent of the Legislature is the intent to exclude motorcycle owners from the requirement of obtaining no-fault insurance. In view of the act's recognized purpose, and the Supreme Court's determination in *Underhill* that motorcyclists suffering bodily injuries as a result of an accident with a motor vehicle are entitled to no-fault benefits, we do not believe the Legislature intended that a motorcyclist be permitted to collect no-fault benefits in addition to retaining their common-law remedy in tort.

The second issue presented on appeal is raised by appellee. Is a no-fault automobile insurer liable

under § 3121(1) for damage to a motorcycle which results from colliding with the insured automobile?

Section 3121(1) of the act provides that an insurer is liable under property protection insurance to pay benefits for accidental damage to tangible property caused by the insured automobile.

Section 3123(1)(a) sets forth the full exclusion as to property damage:

"Damage to the following kinds of property is excluded from property protection insurance benefits:

"(a) Vehicles and their contents, including trailers, operated or designed for operation upon a public highway by power other than muscular power, unless the vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred."

The definition in this provision is similar to the definition of motor vehicle in § 3101 except for the lack of the distinction between two-wheeled vehicles and other vehicles.

Courts must give effect to a statute's plan and unambiguous language. *People ex rel Oakland Prosecuting Attorney v Bureau of Pardons & Paroles,* 78 Mich App 111; 259 NW2d 385 (1977). When a court construes a statute, legislative intent must be determined from consideration of all provisions of the enactment in question. *Detroit v General Foods Corp,* 39 Mich App 180; 197 NW2d 315 (1972). We reject appellee's argument based upon these rules of statutory construction.

The plain language of § 3123(1)(a) includes motorcycles, which are vehicles designed for operation on a public highway by power other than muscular power. The fact that this provision is identical to the provision defining motor vehicles, except for the exclusion of two-wheeled vehicles in

the latter, indicates that the exclusion was intentionally omitted in § 3123(1)(a). Consequently we conclude that the definition of "vehicle" in § 3123(1)(a) clearly includes motorcycles. Accordingly, plaintiff is not entitled to no-fault property damage benefits. *Degrandchamp v Michigan Mutual Ins Co,* 99 Mich App 664; 299 NW2d 18 (1980).

Reversed and remanded for entry of judgment in favor of defendant.