PIONEER STATE MUTUAL INSURANCE COMPANY v ALLSTATE
INSURANCE COMPANY

Docket No. 51568. Submitted March 3, 1981, at Grand Rapids.—
Decided June 17, 1981. Leave to appeal applied for.

Plaintiff Glenn E. Wittenbach was driving his farm tractor,
insured by plaintiff Pioneer State Mutual Insurance Company
under a general farm policy, along a public road when it was
struck from the rear by an automobile insured by defendant,
Allstate Insurance Company, pursuant to Michigan's no-fault
automobile insurance act. Pioneer paid $5,800 and Wittenbach
paid the $100 deductible amount to cover the damage which
was done to the tractor. Plaintiffs then brought an action in
Kent Circuit Court to recover the $5,900 from defendant.
Defendant filed a motion for summary judgment and the mo-
tion was granted, George R. Cook, J., the court finding that
plaintiffs had failed to state a claim upon which relief could be
granted because the property damage suffered by plaintiffs is
excluded from coverage under the no-fault automobile insur-
ance act. Plaintiffs appeal. *Held:*

1. A farm tractor is a "vehicle" for purposes of the no-fault
automobile insurance act. The act excludes coverage for dam-
age to vehicles operated or designed for operation upon a public
highway by power other than muscular power unless the
vehicle is parked in a manner as not to cause unreasonable risk
of the damage that occurs. Because the tractor is a vehicle and
because it was being operated upon a public highway by power
other than muscular power at the time of the accident, plain-
tiffs are not entitled to recover property protection benefits
from defendant under the no-fault act. Summary judgment was
properly granted.

2. Plaintiffs failed to define a meaningful class for purposes of
analyzing the constitutionality of the no-fault act. There is no
difference in treatment under the act between owners of "vehi-
cles" which are not required to be registered or insured and

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 7 Am Jur 2d (Rev), Automobile Insurance § 366.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

owners of "motor vehicles" which are required to be registered and insured when it comes to recovery for property damage.

3. Plaintiffs' argument that the no-fault act denies them an alternative forum for resolution of this dispute is inappropriate because the alternative forum argument only applies to cases where the plaintiff has been denied access to the courts.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — VEHICLES — STATUTES.

Damage to "vehicles" being operated upon a public highway is excluded from property protection insurance benefits under the no-fault automobile insurance act (MCL 500.3123[1][a]; MSA 24.13123[1][a]).

2. INSURANCE — NO-FAULT INSURANCE — FARM TRACTORS — STATUTES.

A farm tractor is a "vehicle" for purposes of the no-fault automobile insurance act and is excluded from coverage for property protection insurance benefits by the act unless the tractor is damaged while parked in a manner as not to cause unreasonable risk of the damage which occurred (MCL 500.3123[1][a]; MSA 24.13123[1][a]).

3. INSURANCE — NO-FAULT INSURANCE — REMEDIES — STATUTES.

The common-law tort remedy against an owner or registrant of a motor vehicle required to be registered in Michigan for property damages unintentionally caused by the operation of that vehicle has been abolished by the no-fault automobile insurance act (MCL 500.3135; MSA 24.13135).

*Landman, Luyendyk, Latimer, Clink & Robb* (by *Stanley J. Stek),* for plaintiffs.

*Nelson & Kreuger,* for defendant.

Before: R. B. BURNS, P.J., and T. M. BURNS and CYNAR, JJ.

CYNAR, J. Plaintiffs appeal from an order granting defendant's motion for summary judgment entered in the Kent County Circuit Court on April 22, 1980. The motion was brought by defendant pursuant to GCR 1963, 117.2(1) and (3). It appears from the order entered that the judgment was

granted under GCR 117.2(1), the court finding that plaintiffs had failed to state a claim upon which relief could be granted.

The parties have stipulated to the facts for purposes of this appeal. On May 23, 1979, plaintiff Wittenbach was the owner and operator of a farm tractor which was being driven in a southerly direction on Lincoln Lake Road for the purpose of gaining access to his fields. Defendant, Allstate Insurance Company, was the no-fault automobile insurer of a 1977 Chevrolet belonging to Rory Dean Giles of Greenville, Michigan. Mr. Giles was driving his car on Lincoln Lake Road, also traveling in a southerly direction, when the car collided with the rear of Wittenbach's tractor.

Mr. Wittenbach's tractor was damaged as a result of the collision in the amount of $5,900, for which plaintiff Pioneer State Mutual Insurance Company compensated Mr. Wittenbach in the amount of $5,800, pursuant to a general farm policy of insurance. The Pioneer State Mutual Insurance Company and Mr. Wittenbach made a claim to defendant within one year of the accident for compensation for the amount of the damage. The claim was denied.

Plaintiff Pioneer, as subrogor to its insured, Mr. Wittenbach, brought the instant case to recover the $5,800 it had paid to Wittenbach for the damage to his tractor, and plaintiff Wittenbach sought the $100 balance of the damages. Plaintiffs' complaint alleged that they were entitled to recover the above amounts under § 3121 of the Michigan no-fault act, MCL 500.3121; MSA 24.13121. In its motion for summary judgment, defendant argued that the property damage suffered by plaintiffs was excluded from coverage under § 3123 of the no-fault act, MCL 500.3123; MSA 24.13123,

which excludes from coverage property damage to certain "vehicles".

At the hearing on defendant's motion, plaintiffs argued that a tractor does not come within the definition of "vehicle" and, thus, is not subject to the above exclusion. Plaintiffs also contended that, if a tractor is a vehicle under the act, the act is unconstitutional.

The trial court found that the exclusion of vehicles under § 3123 is applicable to the tractor in the instant case, rejected plaintiffs' constitutional challenge, and granted defendant's motion.

We first address the question of the applicability of § 3123 to the instant case.

The Michigan automobile no-fault act provides the basis for property protection insurance coverage in automobile insurance policies. This coverage is set forth in § 3121 of the act, MCL 500.3121; MSA 24.13121, as follows:

"Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3123, 3125, and 3127."

The act then specifically excludes from this property protection insurance coverage damages to certain kinds of property. Section 3123(1)(a) of the act, MCL 500.3123(1)(a); MSA 24.13123(1)(a), provides:

"Damage to the following kinds of property is excluded from property protection insurance benefits:

"(a) vehicles and their contents, including trailers, operated or designed for operation upon a public high-

way by power other than muscular power, unless the vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred."

Therefore, damage to "vehicles" being operated upon a public highway is excluded from property protection insurance benefits.

The narrow question, then, is whether the tractor in the instant case was, at the time of the accident, a "vehicle" as defined in § 3123(1)(a). If so, plaintiffs may not recover, and the trial court's grant of summary judgment was correct. If not, plaintiffs must be allowed to proceed.

Plaintiffs contend that the terms "motor vehicle" and "vehicle" are used interchangeably throughout the act and that a farm tractor has been held not to be a motor vehicle under the act, citing *Shoemaker v National Ben Franklin Ins Co of Michigan,* 78 Mich App 175; 259 NW2d 414 (1977). Plaintiffs are incorrect.

*Shoemaker* held that the owner of a tractor was not required to maintain no-fault insurance because tractors were exempt from registration and thus § 3101(1) of the act, MCL 500.3101(1); MSA 24.13101(1), did not apply. It does not follow that tractors are not subject to the exclusion of § 3123.

A "motor vehicle" is defined in § 3101(2) of the act, MCL 500.3101(2); MSA 24.13101(2), as one particular type of a broader class of items referred to as "vehicles". This Court, in *Degrandchamp v Michigan Mutual Ins Co,* 99 Mich App 664, 667; 299 NW2d 18 (1980), specifically rejected the possibility that the terms in question were used interchangeably and recognized that the term "vehicle" had a distinct definition in § 3123. *Degrandchamp* held that a motorcycle was not a "motor vehicle" under § 3101(2) but was a "vehicle" under § 3123.

See *Braden v Spencer,* 100 Mich App 523; 299 NW2d 65 (1980).

That a tractor is included within this broader class of "vehicles" is implied in *Shoemaker* and supported by the fact that the Legislature uses the term "vehicle" as including tractors in various statutes other than the no-fault act. MCL 257.16; MSA 9.1816 defines a "farm tractor" as one type of "motor vehicle", and MCL 257.62; MSA 9.1862 includes "farm tractors" in a class of "vehicles" called "special mobile equipment".

The rationale by which the *Shoemaker* Court arrived at its result that the no-fault act was inapplicable to a tractor was not that the tractor wasn't a "motor vehicle" but that it was excepted from registration by MCL 257.216(c); MSA 9.1916(c). That section provides that "vehicles" are subject to registration and then it provides for certain exceptions, one of which is "implements of husbandry". The panel in *Shoemaker* regarded the tractor as a "motor vehicle" that was not required to be registered by reason of the "implements of husbandry" exception.

Application of § 3123(1)(a) to the instant case shows that the exclusion applies because the tractor was (1) a vehicle, (2) being operated on a public highway, and (3) being operated by power other than muscular power.

As defendant points out, the exclusion of § 3123(1)(a) applies even if the term "vehicle" as used in that section means "motor vehicle" as used in § 3101(2) because the tractor in the instant case met both definitions at the time of the accident, there being no relevant distinction between the two definitions as applied to this case.

We therefore find that the trial court's decision

was correct and that defendant was entitled to summary judgment.

Having made this determination, we now address plaintiffs' challenge to the constitutionality of the statute as we have interpreted it.

Plaintiffs argue that under our interpretation there exists a class of property owners who are denied due process and equal protection. This class consists of those owners of vehicles excluded from personal property insurance benefits under § 3123 whose vehicles are not also subject to the requirement of § 3101(1) that they maintain no-fault insurance. Plaintiffs specifically argue that the trial court's interpretation of § 3123 is unconstitutional because it deprives the aforementioned class of their common-law tort remedies without participation in the no-fault scheme and without permitting them to recover personal property insurance benefits for damage done to their vehicles.

Plaintiffs' argument rests on the premise that there is a difference in treatment of recovery for property damage under the act between owners of "vehicles" under § 3123 and owners of "motor vehicles" required to be registered (and thus required to maintain no-fault insurance) under § 3101(1). In fact, there is no such difference. Both classes of property owners are treated alike under the act with respect to unintentional property damage to their "vehicles" (or "motor vehicles"). Their common-law tort remedy against the owner or registrant of a motor vehicle required to be registered in Michigan is abolished by § 3135(2). They are left with the choice of either voluntarily obtaining insurance for such damage from their own insurer or taking the risk of such damage and absorbing it themselves. The fact that some of these property owners are required to maintain

other insurance coverage under § 3101(1) is irrelevant. Thus, plaintiffs have failed to define a meaningful class for purposes of analyzing the constitutionality of § 3123.

Having determined this, it can be seen that plaintiffs' challenge is controlled by the analyses in *Shavers v Attorney General,* 402 Mich 554, 625-633; 267 NW2d 72 (1978), which specifically addressed the question of whether the no-fault act's property damage protection scheme violates the due process and equal protection clauses of the Michigan and United States Constitutions.

Although plaintiffs claim that they have been denied "participation" in the no-fault scheme, they have in fact been included in it by being afforded all of the theoretical benefits of the property damage protection scheme as set forth in *Shavers.*

As to plaintiffs' argument that they have been denied an "alternative forum", the argument is inappropriate to the problem alleged by plaintiffs in that the "alternative forum" language refers to cases where plaintiff has been denied access to the courts. This is not such a case. Furthermore, owners of tractors (and other vehicles) have the same opportunity to insure themselves against property damage as do owners of motor vehicles required to be registered in Michigan. In the instant case, the loss fell on the tractor owner's insurer to the extent of the insurance voluntarily carried by the owner ($5,800) and on the owner himself to the extent that he chose not to insure himself against such loss (the $100 deductible amount). This is the result analyzed and sanctioned in *Shavers.*

Affirmed.