PIONEER STATE MUTUAL INSURANCE COMPANY v STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 52361. Submitted April 9, 1981, at Grand Rapids.—De-
cided October 21, 1981. Leave to appeal applied for.

Pioneer State Mutual Insurance Company was the insurer of a
"cherry shaker", a motorized, self-propelled four-wheel harvest-
ing device, at the time that the cherry shaker, in the process of
being moved from one orchard to another, was involved in an
accident on a county road with a truck insured by State Farm
Mutual Automobile Insurance Company under a no-fault pol-
icy. Pioneer paid to its insured the costs of the repair of the
cherry shaker and commenced an action in Antrim Circuit
Court, as subrogee, seeking to recover those payments from
State Farm. Both Pioneer and State Farm moved for summary
judgment. Charles M. Forster, J., granted State Farm's motion
and denied Pioneer's motion for summary judgment, holding
that the cherry shaker was a vehicle within the meaning of the
no-fault automobile insurance act and, thus, damages to the
same under the circumstances of the accident were not recover-
able from State Farm under the no-fault policy. Pioneer ap-
peals. *Held:*

1. The cherry shaker is a "vehicle" within the meaning of the
no-fault insurance act; accordingly, since it was damaged while
it was being operated rather than while parked in a manner so
as not to cause unreasonable risk of damage, the damage
caused to it was excluded from property protection insurance
benefits of the no-fault policy. Summary judgment thus was
properly granted in favor of defendant no-fault insurer on the
claim by plaintiff insurer as subrogee of the rights of its
insured, the owner of the cherry shaker.

2. The property protection scheme of the no-fault automobile
insurance act is not violative of the right to due process or
equal protection. Further, since owners of "vehicles" and "mo-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 353.
   Validity and construction of "no fault" automobile insurance plans.
   42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance §§ 25-27.

tor vehicles" are treated identically with respect to their right to recover for injuries to property, the property protection scheme, including the abolition of common-law tort recovery, does not deny equal protection or due process to owners of vehicles not required to be covered by a no-fault automobile insurance policy.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — VEHICLE.

A "cherry shaker", a motorized, self-propelled four-wheeled device used to harvest cherries, is a "vehicle" for the purposes of the no-fault automobile insurance act and is excluded from coverage for property protection insurance benefits unless the damage to such vehicle is incurred while it is parked in a manner so as not to cause unreasonable risk of the damage (MCL 500.3123[1][a]; MSA 24.13123[1][a]).

2. INSURANCE — NO-FAULT INSURANCE — CONSTITUTIONAL LAW.

The no-fault automobile insurance act's property protection scheme, whereby the common-law tort remedy against the owner or registrant or a motor vehicle required to be registered in Michigan for property damages unintentionally caused by the operation of that vehicle is abolished, is not violative of due process or equal protection under either the federal or state constitutions.

*Menmuir, Zimmerman, Rollert & Kuhn,* for plaintiff.

*Williams, Coulter, Cunningham, Davison & Read* (by *Richard Allen Griffin*), for defendant.

Before: MACKENZIE, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Plaintiff appeals from an order granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(2) and (3) and denying plaintiff's motion for summary judgment.

On June 27, 1979, a "cherry shaker" owned by Cairnside Farms, Inc., was being operated on an Antrim County road when it was involved in a

collision with a truck. The "cherry shaker" was insured by plaintiff and the truck was insured under a no-fault policy by defendant. After plaintiff made payments for repairs to the cherry shaker to Cairnside Farms, Inc., it commenced the instant action, as subrogee to its insured's rights, against defendant for property protection benefits under defendant's no-fault policy covering the truck.

Both plaintiff and defendant filed motions for summary judgment based upon Michigan's no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* At the June 9, 1980, hearing, the trial court ruled that the cherry shaker was a "vehicle" and thereby excluded from the scope of property protection insurance benefits. Consequently, the trial court granted defendant's motion and denied plaintiff's motion for summary judgment.

A "cherry shaker" is a piece of farm equipment used extensively in northwestern Michigan for the purpose of harvesting cherries by physically shaking the trees, causing the cherries to drop off into a large net-like surface which funnels the cherries into containers for shipment. Most germane to the present suit, it is admitted that the cherry shaker is a motorized, self-propelled device which has four wheels.

Plaintiff argues on appeal, as it did below, that a cherry shaker does not fall within the definition of "vehicle" and, thus, is not subject to the exclusion provision of § 3123(1)(a) of the act. MCL 500.3123(1)(a); MSA 24.13123(1)(a).[1] Additionally,

---

[1] "Sec. 3123. (1) Damage to the following kinds of property is excluded from property protection insurance benefits:

"(a) Vehicles and their contents, including trailers operated or designed for operation upon a public highway by power other than muscular power, unless the vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred."

plaintiff raises on appeal a challenge as to the constitutionality of the act.

We note that this same plaintiff previously has raised, briefed and argued the identical issues before another panel of this Court. *Pioneer State Mutual Ins Co v Allstate Ins Co,* 107 Mich App 261; 309 NW2d 598 (1981) (hereafter *Allstate).*

In *Allstate,* the narrow question presented to this Court was whether a farm tractor was a "vehicle" as defined in § 3123(1)(a). The panel, in a thorough analysis, again rejected the argument that the term "motor vehicle" as used in § 3101(2), MCL 500.3101(2); MSA 24.13101(2), and "vehicle" as used in § 3123 were intended by the Legislature to be interchangeable. See *Degrandchamp v Michigan Mutual Ins Co,* 99 Mich App 664; 299 NW2d 18 (1980), *Braden v Spencer,* 100 Mich App 523; 299 NW2d 65 (1980). Rather, the panel concluded, contrary to plaintiff's contention, that regardless of whether a farm tractor is to be considered as a § 3101(2) "motor vehicle", it most definitely is a § 3123 "vehicle", and, hence, subject to the exclusionary provisions for no-fault property damage benefits. The panel reasoned thusly:

"Application of § 3123(1)(a) to the instant case shows that the exclusion applies because the tractor was (1) a vehicle, (2) being operated on a public highway, and (3) being operated by power other than muscular power." *Allstate, supra,* 266.

We are persuaded that the foregoing analysis and holding are applicable and controlling in the instant case. The farm tractor and the cherry shaker share in common the determinative characteristics which bring them within the ambit of § 3123(1)(a) exclusionary property. We therefore again reject plaintiff's argument and affirm the

lower court's grant of summary judgment in favor of defendant.

Also, we adopt the *Allstate* holding that rejects plaintiff's constitutional challenge to the act, that issue being directly controlled by *Shavers v Attorney General,* 402 Mich 554, 625-633; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979).

Affirmed.