701 F.2d 573
 CHESAPEAKE AND OHIO RAILWAY COMPANY, a Virginia corporation,
Plaintiff-Appellee,
v.
ST. PAUL FIRE AND MARINE INSURANCE CO., a foreign
corporation, Defendant-Appellant,
ST. PAUL FIRE AND MARINE INSURANCE CO., a foreign
corporation, Plaintiff,
v.
CHESAPEAKE & OHIO RAILWAY CO., a Virginia corporation, Defendant.
 No. 82-1014.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 18, 1983.
Decided Feb. 28, 1983.
 
 John P. Jacobs (argued), Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., for defendant-appellant.
 Michael Huffman (argued), A.T. Lippert, Jr., Smith & Brooker, George Tunison, Robert Stroebel, Saginaw, Mich., Patrick Neering, Bay City, Mich., Warren G. Otto, Saginaw, Mich., D.J. Watters, Detroit, Mich., for plaintiff-appellee.
 Before KENNEDY, CONTIE and WELLFORD, Circuit Judges.
 CONTIE, Circuit Judge.
 
 
 1
 St. Paul Fire and Marine Insurance Co. (St. Paul) appeals a district court, 496 F.Supp. 877, order denying its motion for summary judgment and granting summary judgment to the Chesapeake and Ohio Railway Company (C & O). The railroad recovered $700,000. We affirm.
 
 
 2
 At 1:50 p.m. on January 11, 1979, a truck driven by Duane Tanton and owned by Larry Felske collided with a C & O train on Michigan Highway 83 near Gera, Michigan. C & O sued Tanton, Felske and St. Paul, the insurer, for damage done to the train, its contents and to the company's right of way. Appellant responded that it was not liable to C & O because of certain provisions of the Michigan No-Fault Insurance Act.
 
 The Act provides:
 
 3
 Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle
 
 
 4
 ....
 
 
 5
 [P]roperty protection insurance benefits paid under 1 policy for damage to all tangible property arising from 1 accident shall not exceed $1,000,000.
 
 
 6
 M.C.L.A. Sec. 500.3121(1) and (5). The Act provides the following exclusion, however:
 
 
 7
 Damage to the following kinds of property is excluded from property protection insurance benefits:
 
 
 8
 (a) Vehicles and their contents, including trailers, operated or designed for operation upon a public highway by power other than muscular power, unless the vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred.
 
 
 9
 M.C.L.A. Sec. 500.3123(1)(a) (emphasis supplied). The effect of this exclusion is that persons operating vehicles upon public highways must seek compensation from their own insurance companies rather than from the insurers of negligent parties. See DeGrandchamp v. Michigan Mutual Liability Co., 99 Mich.App. 664, 666, 299 N.W.2d 18 (1980). To prevail in the present case, the insurer must demonstrate both that the C & O train was a vehicle and that it was being operated upon a public highway.[1]
 
 
 10
 St. Paul contends that the train was operating upon a public highway when it crossed Michigan Highway 83. We disagree because the train was operating upon stationary rails within the railroad company's right of way when the accident occurred. When a train travels along its own rails, it is not operating upon a public highway.
 
 
 11
 Secondly, we hold that the train was not a vehicle. Although the Act does not define "vehicle," St. Paul claims that the term includes all manner of conveyance. See DeGrandchamp, supra (motorcycle is a vehicle); Pioneer State Mutual Insurance Co. v. Allstate Insurance Co., 107 Mich.App. 261, 309 N.W.2d 598 (1981) (farm tractor is a vehicle); Pioneer State Mutual Insurance Co. v. State Farm Mutual Insurance Co., 110 Mich.App. 617, 313 N.W.2d 170 (1981) (mobile cherry picking machine is a vehicle). The insurer then asserts that under a dictionary definition, a train is a manner of conveyance.
 
 
 12
 This argument ignores the Michigan courts' policy of construing in pari materia two statutes dealing with like subjects. See, e.g., People v. Martin, 59 Mich.App. 471, 481, 229 N.W.2d 809 (1975). The Michigan courts have construed the No-Fault Insurance Act in pari materia with the Michigan Vehicle Code. State Farm Mutual Insurance Co. v. Sentry Insurance, 91 Mich.App. 109, 283 N.W.2d 661 (1979). The Michigan Vehicle Code defines "vehicle" as follows:
 
 
 13
 "Vehicle" means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices exclusively moved by human power or used exclusively upon stationary rails or tracks....
 
 
 14
 MCLA Sec. 257.79 (emphasis supplied). Since Sec. 257.79 excludes trains from the coverage of the term "vehicle" and since that provision is to be construed in pari materia with the No-Fault Insurance Act, we hold that trains are not vehicles under the Act.
 
 
 15
 This decision is consistent with the cases cited by St. Paul; for under the Michigan Vehicle Code definition, motorcycles, farm tractors and mobile cherry pickers would be vehicles. Section 257.79 does make an exception, however, for trains. Furthermore, the Supreme Court of Michigan, when considering a constitutional challenge to the No-Fault Insurance Act, recognized that a motorist's insurer may be liable for damage done to a train:
 
 
 16
 It is possible that a motorist's insurer will be liable to the owners of stray animals, trains or other non-stationary tangible property which may occasion the damage.
 
 
 17
 Shavers v. Attorney General, 402 Mich. 554, 631 n. 58, 267 N.W.2d 72 (1978).
 
 
 18
 For the reasons stated above and for the reasons expressed by the district court, the judgment is AFFIRMED.
 
 
 
 [1]
 The parties agree that the train was not designed for operation upon a public highway