SHOEMAKER v NATIONAL BEN FRANKLIN INSURANCE
COMPANY OF MICHIGAN

1. INSURANCE—NO-FAULT INSURANCE—MOTORCYCLES—MOTOR VEHI-
   CLES—WORDS AND PHRASES—STATUTES.

   A motorcycle is not a "motor vehicle" as the term is used in the
   no-fault insurance act because it does not have more than two
   wheels (MCLA 500.3101[2]; MSA 24.13101[2]).

2. INSURANCE—NO-FAULT INSURANCE—IMPLEMENTS OF HUSBANDRY—
   REGISTRATION—MOTOR VEHICLES—STATUTES.

   The no-fault insurance act does not apply to tractors and manure
   spreaders because they are implements of husbandry which are
   excepted from registration as motor vehicles and coverage of
   the no-fault act is specifically limited to motor vehicles required
   to be registered in this state (MCLA 257.21, 257.216[c],
   500.3101[1]; MSA 9.1821, 9.1916[3], 24.13101[1]).

3. STATUTES—STATUTORY CONSTRUCTION—AMBIGUOUS LANGUAGE—
   COURT OF APPEALS—JUDICIAL CONSTRUCTION—LEGISLATIVE IN-
   TENT.

   Statutory language that is ambiguous is open to judicial construc-
   tion; it is the duty of the Court of Appeals to determine the
   legislative intent, looking at the language used in a statute, its
   subject matter, scope and purpose, and the act should be
   construed to render it internally consistent and to avoid absurd
   results.

4. INSURANCE—AUTOMOBILES—NO-FAULT INSURANCE—MOTORCYCLES—
   LEGISLATIVE INTENT—STATUTES.

   The fortuitous purchase of an automobile no-fault insurance
   policy does not entitle a plaintiff to recovery for injuries from a
   motorcycle-farm tractor accident because the Legislature went
   to great lengths to exclude farm tractors and motorcycles from
   coverage under the act (MCLA 500.3101 et seq.; MSA 24.13101
   et seq.).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] Am Jur New Topic Service, No-Fault Insurance § 17.
[3] 73 Am Jur 2d, Statutes §§ 145–149, 258.
[5] Am Jur New Topic Service, No-Fault Insurance § 1.

5. INSURANCE—NO-FAULT INSURANCE—COVERAGE OF NO-FAULT ACT—
   STATUTES.
   There must at a minimum be an accident involving a vehicle
   intended to be covered by the no-fault insurance act before an
   insurer incurs any liability under the act (MCLA 500.3101 *et
   seq.*; MSA 24.13101 *et seq.*).

Appeal from Allegan, George R. Corsiglia, J.
Submitted June 16, 1977, at Grand Rapids. (Docket
No. 30549.) Decided September 7, 1977.

Complaint by Russell Shoemaker and Viola A.
Shoemaker, next friend of Dean R. Shoemaker,
against National Ben Franklin Insurance Com-
pany of Michigan for damages for injuries suffered
by Dean R. Shoemaker when the motorcycle which
he was riding collided with a farm tractor and
manure spreader. Summary judgment for defend-
ant. Plaintiff appeals. Affirmed in part, but re-
manded for further proceedings.

*Street, Stevens, Schuler, Johnson, Hipkiss, Pia-
secki & Knowlton,* for plaintiff.

*Kelly and Oole* (by *Clifford J. Murphy),* for de-
fendant.

Before: M. J. KELLY, P. J., and M. F. CAVANAGH
and J. R. ROOD,* JJ.

J. R. ROOD, J. The issue raised by this appeal is
whether a motorcyclist can recover from his fa-
ther's no-fault insurer for damages sustained in a
collision with a farm tractor pulling a manure
spreader on a public highway? We hold that the
no-fault insurer is not liable under the no-fault
statutory scheme, and the insurer's sole liability

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

must arise under an uninsured motorist clause or other contractual provision, and remand for a hearing in this regard.

On April 1, 1975, plaintiff motorcyclist was injured when a farm tractor pulling a manure spreader made a left-hand turn onto a roadway and was struck by the motorcycle driven by Dean Russell Shoemaker. Plaintiffs commenced an action against the owner and driver of the tractor and manure spreader. Defendants in that case filed a motion for partial summary judgment seeking a determination that the no-fault act was applicable and plaintiffs' claim was only for the excess damages above no-fault coverage. Plaintiffs then filed the present action against their own insurer. Defendant insurer moved for and was granted summary judgment on September 27, 1976, the trial court ruling that plaintiffs could not recover under their no-fault policy. Plaintiffs claim an appeal as of right to this Court.

We affirm the trial court's ruling that the no-fault act is inapplicable. Neither the motorcycle nor the tractor is a "motor vehicle" to which the no-fault act applies. The motorcycle is not a "motor vehicle", as used in the act, since it does not have more than two wheels. MCLA 500.3101(2); MSA 24.13101(2). For the no-fault act to be applicable, not only must there be a "motor vehicle", but MCLA 500.3101(1); MSA 24.13101(1) specifies a "motor vehicle required to be registered in this state". We regard the tractor and manure spreader as "implements of husbandry", excepted from registration by MCLA 257.216(c); MSA 9.1916(3) and MCLA 257.21; MSA 9.1821.

Plaintiffs ask us to read the provisions of Chapter 31 of the Insurance Code to find their no-fault insurer liable for the injuries. Plaintiffs' argument

is that since the tractor has more than two wheels it is thus a motor vehicle as defined in § 3101(2) even though the tractor is not required to have no-fault insurance under § 3101(1). Then upon finding that the injuries were caused by the use of a motor vehicle, the tractor, plaintiffs would have us impose liability under § 3105(1), MCLA 500.3105(1); MSA 24.13105(1), and allow recovery against their insurer under § 3114(1), MCLA 500.3114(1); MSA 24.13114(1), and § 3115(1), MCLA 500.3115(1); MSA 24.13115(1). We decline to apply this analysis.

In resolving this issue, several general rules of statutory construction must be applied. Where statutory language is ambiguous, it is open to judicial construction. *Royal Oak School Dist v Schulman,* 68 Mich App 589, 592–593; 243 NW2d 673 (1976). It is this Court's duty to determine the legislative intent, looking at the language used in the statute, its subject matter, scope and purpose, and the act should be construed to render it internally consistent and to avoid absurd results. *Stutelberg v Practical Management Co,* 70 Mich App 325, 337–338; 245 NW2d 737 (1976), *Schoolcraft County Board of Commissioners v Schoolcraft Memorial Hospital Board of Trustees,* 68 Mich App 654, 656–657; 243 NW2d 708 (1976), *Williams v Secretary of State,* 338 Mich 202, 207, 208; 60 NW2d 910 (1953). It is our belief that it would work an absurdity to hold that plaintiffs can recover for injuries from a motorcycle accident, because of the fortuitous purchase of an automobile no-fault policy, after the Legislature went to great lengths to exclude tractors and motorcycles from coverage under the act.[1] Having limited an insur-

---

[1] The provision of MCLA 500.3103; MSA 24.13103, applicable to motorcycles, was not made effective until March 31, 1976, after the date of the accident subject of this case. This amendment requires motorcycles to carry liability insurance, but not no-fault coverage.

er's risk to not include motorcycles, we find no legislative intent nor judicial prerogative to impose an even greater risk by imposing liability on an insurer that has issued a policy on an automobile and has issued no policy on a motorcycle.[2] *Cf. Nunley v Turner,* 57 Mich App 473, 483–484; 226 NW2d 528 (1975), *lv den,* 394 Mich 816 (1975), *Cora v Patterson,* 55 Mich App 298, 303–304; 222 NW2d 221 (1974).

For an insurer to incur liability under MCLA 500.3105; MSA 24.13105, there must at a minimum be an accident involving a vehicle intended to be covered by MCLA 500.3101(1); MSA 24.13101(1). While holding that the statute does not require plaintiffs' insurer to assume liability for the motorcycle accident, we leave open the possibility of recovery under a contractual provision such as uninsured motorist coverage.

We affirm the trial court's holding that the no-fault act, as a matter of statutory construction and interpretation, does not compel plaintiffs' insurer to assume liability for the injuries. Absent a contractual provision on which liability can be based, summary judgment should be entered.

Affirmed in part and remanded for further proceedings consistent with this opinion. Costs to appellee.

---

[2] In *Davidson v Johnson,* 76 Mich App 497; 257 NW2d 139 (1977), it was held that a motorcyclist would be treated as a pedestrian and could recover upon the no-fault policy covering an automobile involved in the accident. In this case plaintiff seeks recovery on a policy insuring an automobile *not* involved in the accident.