PIERSANTE v AMERICAN FIDELITY INSURANCE COMPANY

Docket No. 77-4878. Submitted January 9, 1979, at Detroit.—Decided February 20, 1979.

Plaintiff Frank Piersante, while riding his motorcycle, was involved in a collision with an automobile driven by defendant Gerald Green. Plaintiff suffered substantial injuries. At the time of the accident the plaintiff owned an automobile which was insured by defendant American Fidelity Fire Insurance Company. The plaintiff presented a claim to American Fidelity under his policy. Wage loss and medical care benefits were paid until October 24, 1975, at which time the insurance company terminated the payment of benefits. The plaintiff commenced an action in Wayne Circuit Court against the insurance company and Gerald Green alleging that the insurance company had wrongfully terminated the wage loss and medical expense benefits. Andrew DiMaggio, J., entered summary judgment for the defendant insurance company. The plaintiff appeals, raising the question of whether a motorcyclist injured in a collision with an automobile can collect personal protection benefits under a policy of no-fault automobile insurance from the insurer of an automobile owned by the motorcyclist. *Held:*

The plaintiff's injury arose out of the operation of the motor vehicle with which plaintiff collided and which was required to be and was insured under the no-fault automobile insurance act. As a result, the policy issued by the defendant insurer to the plaintiff was required to provide personal protection coverage in this case. Thus the plaintiff is entitled to proceed against his automobile insurer for the collection of personal protection insurance benefits.

Reversed and remanded.

1. AUTOMOBILES — INSURANCE — NO-FAULT INSURANCE — MOTOR
   VEHICLE — WORDS AND PHRASES — MOTORCYCLES — STATUTES.
   The no-fault automobile insurance act defines the term "motor

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] New Topic Service, No-Fault Insurance § 17.
[3] New Topic Service, No-Fault Insurance §§ 14, 15.
[4] New Topic Service, No-Fault Insurance § 18.

vehicle" in such a way as to exclude motorcycles (MCL 500.3101[2]; MSA 24.13101[2]).

2. AUTOMOBILES — INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — STATUTES.

The fact that a motorcyclist need not provide security for personal protection insurance under the no-fault insurance act does not necessarily mean that a motorcyclist is not covered under some other no-fault insurance policy (MCL 500.3101[1]; MSA 24.13101[1]).

3. AUTOMOBILES — INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION INSURANCE — OPERATION OF MOTOR VEHICLE — STATUTES.

All that is required under the no-fault automobile insurance act for an insurer to be liable to pay personal protection insurance benefits to an insured for bodily injury is that the injury arise out of the ownership, operation, maintenance or use of a motor vehicle; it is not required that the insured be the driver of a motor vehicle involved in the accident (MCL 500.3105[1]; MSA 24.13105[1]).

4. AUTOMOBILES — INSURANCE — MOTORCYCLES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — OPERATION OF MOTOR VEHICLE — STATUTES.

A motorcyclist who owns an automobile which is covered by a no-fault automobile insurance policy is entitled to proceed against the no-fault insurer of the automobile for the collection of personal protection insurance benefits for personal injuries where the injuries arose out of the operation of a motor vehicle with which the motorcyclist collided, and where the motor vehicle involved was required to be and was insured under the provisions of the no-fault automobile insurance act (MCL 500.3101, 500.3105, 500.3114, 500.3115; MSA 24.13101, 24.13105, 24.13114, 24.13115).

*Peter R. Barbara & Associates, P.C.* (by *Peter R. Barbara* and *Frank G. Becker),* for plaintiff.

*Simon & Fried,* for defendants.

Before: BRONSON, P.J., and R. M. MAHER and J. T. LETTS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

J. T. LETTS, J. Plaintiff appeals as of right from a summary judgment of no cause of action entered against him on November 9, 1977.

On July 13, 1976, plaintiff filed an action against American Fidelity Fire Insurance Company (hereinafter defendant) in Wayne County Circuit Court. He alleged that defendant had wrongfully terminated wage loss and medical expense benefits which plaintiff claimed were payable under the terms of his automobile insurance policy with defendant. Defendant claimed that the policy excluded coverage in this instance.

This lawsuit arose as a result of a May 5, 1975, motorcycle accident. On this date plaintiff, while riding his motorcycle, collided with an automobile. As a result of this accident plaintiff suffered substantial injuries. At this time plaintiff owned an automobile which was insured by defendant. Accordingly, he presented a claim under his policy to defendant. Wage loss and medical care benefits were subsequently paid until October 24, 1975, at which time they were terminated by defendant.

This case presents a single issue for our resolution. Can a motorcyclist injured in a collision with an automobile collect personal protection benefits under no-fault from the insurer of an automobile also owned by the motorcyclist? We answer this question in the affirmative and reverse the decision of the circuit court.

Plaintiff's insurance policy with defendant indicates that it is subject to and governed by the Michigan no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* MCL 500.3101(1); MSA 24.13101(1) requires the owner of a motor vehicle registered in this state to maintain security for the payment of personal protection insurance benefits. MCL 500.3101(2); MSA 24.13101(2) defines "motor vehi-

cle" in such a way as to exclude motorcycles. This distinction between motorcycles and automobiles was upheld in *Shavers v Attorney General,* 402 Mich 554, 633-634; 267 NW2d 72 (1978).

Defendant relies upon this feature of the no-fault act to argue that its policy does not cover plaintiff's injuries incurred while motorcycling. However, the fact that a motorcyclist need not provide security for personal protection insurance under no-fault does not necessarily mean that he is not covered under some other policy. In two previous cases, panels of this Court have permitted a motorcyclist to collect benefits under no-fault.

In *Underhill v Safeco Insurance Co,* 76 Mich App 13; 255 NW2d 349 (1976), the Court concluded that a person injured while driving a motorcycle could recover personal protection benefits under the policy of the owner of the car with which he collided. The Court applied the priority provision of MCL 500.3115(1); MSA 24.13115(1) in reaching its conclusion. That section reads:

"(1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident."

Since a motorcyclist is not an "occupant of a motor vehicle", reasoned the Court, this section permitted recovery from the insurer of the motor vehicle involved in the accident.

In *Porter v Michigan Mutual Liability Co,* 80

Mich App 145; 263 NW2d 318 (1977), a case virtually identical to the present case, the Court held that a motorcyclist injured in a collision with an automobile could collect personal protection benefits from the insurer of his automobile. The Court noted the exception to the priorities of MCL 500.3115; MSA 24.13115 contained at that statute's outset and applied MCL 500.3114(1); MSA 24.13114(1) to reach this conclusion. That section reads:

"(1) Except as provided in subsections (2) and (3),[1] a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer."

The Court interpreted the statutory interplay between the two statutes as follows:

"Section 3115(1) is qualified by § 3114(1). Section 3114(1) indicates that when PIP benefits are payable to an insured under his own policy, his insurer must pay all of these benefits even though the insured is also covered under another policy. Michigan Mutual, the company which issued the policy under which plaintiff was insured, is therefore liable to plaintiff for PIP benefits. Even though injured on a motorcycle, plaintiff

---

[1] These subsections relate to persons injured while an occupant of an employer's car or the occupant or operator of a vehicle operated in the business of transporting passengers. These subsections were inapplicable in *Porter v Michigan Mutual Liability Co, supra,* and are equally inapplicable in the present case.

may recover PIP benefits from his own insurer."[2] *Porter, supra,* 150.

The Court in *Porter v Michigan Mutual Liability Co, supra,* thus interprets the statutory scheme as requiring a motorcyclist injured in an automobile collision to proceed against his own automobile insurer for personal protection benefits. By virtue of the reference to MCL 500.3114; MSA 24.13114 at the outset of MCL 500.3115; MSA 24.13115, the Court placed the motorcyclist's own automobile insurer at the top of the priority list of MCL 500.3115; MSA 24.13115.

As applied to the present case, *Porter v Michigan Mutual Liability Co, supra,* would appear to permit the plaintiff to recover personal protection benefits from defendant. Defendant argues, however, that the policy involved in *Porter v Michigan Mutual Liability Co, supra,* contained "optional coverage" for accidents where no motor vehicle is involved. Defendant thus contends that the exception to the priorities of MCL 500.3115; MSA 24.13115 is not applicable in this case because its policy with plaintiff did not cover this accident.

We do not agree with defendant's analysis. MCL 500.3105(1); MSA 24.13105(1) states:

---

[2] In *Davidson v Johnson,* 76 Mich App 497, 502-503; 257 NW2d 139 (1977), the Court adopted a different analysis of these statutory provisions which failed to give effect to the cross reference to MCL 500.3114; MSA 24.13114 in MCL 500.3115; MSA 24.13115. However, this opinion was reversed in part and vacated in *Davidson v Johnson (On Rehearing),* 79 Mich App 660, 665; 262 NW2d 887 (1977). There the Court concluded that "each plaintiff will recover personal protection insurance benefits from his own insurer." Although limited in its analysis this opinion reaches the same result as reached in *Porter v Michigan Mutual Liability Co, supra.*

In *Hill v Aetna Life & Casualty Co,* 79 Mich App 725; 263 NW2d 27 (1977), the Court also concluded that a motorcyclist cannot recover from his own automobile insurer when injured in a collision with a car. However, we decline to follow this case, as the Court cites as authority for its proposition *Underhill v Safeco Insurance Co, supra,* which did not address that particular question.

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

This provision does not require that the insured be the driver of the motor vehicle involved in the accident. It only requires that the injury arise out of the operation of a motor vehicle. As noted in *Shoemaker v National Ben Franklin Insurance Co of Michigan,* 78 Mich App 175, 179; 259 NW2d 414 (1977):[3]

"For an insurer to incur liability under MCL 500.3105; MSA 24.13105, there must at a minimum be an accident involving a vehicle intended to be covered by MCL 500.3101(1); MSA 24.13101(1)."

In the present case, plaintiff's injury arose out of the operation of the motor vehicle with which he collided. Unlike the situation in *Shoemaker, supra,* the vehicle with which he collided was required to be and was insured under MCL 500.3101; MSA 24.13101. As a result of these circumstances, MCL 500.3105; MSA 24.13105 requires defendant's policy to provide personal protection coverage in this case. Therefore, this situation is indistinguishable from that of *Porter v Michigan Mutual Liability Co, supra.* Reading MCL 500.3114; MSA 24.13114 and MCL 500.3115; MSA 24.13115 together, plaintiff is entitled to proceed against his automobile insurer for the collection of personal protection insurance benefits for injuries resulting from this accident.

Reversed and remanded. No costs, interpretation of statutes being involved.

---

[3] In this case a motorcyclist was denied benefits under his automobile insurance policy after he was injured in a collision with a tractor, which is not required to maintain security for the payment of personal protection benefits under MCL 500.3101; MSA 24.13101.