MILLS v AUTO-OWNERS INSURANCE COMPANY

Docket No. 50781. Submitted October 6, 1980, at Escanaba.—Decided November 21, 1980. Leave to appeal applied for.

Thomas Mills, a resident of Wisconsin, was operating a motorcycle when he collided with an automobile driven by Perry Fromm, near Iron Mountain, Michigan. Thomas Mills required hospitalization and medical treatment. At the time of the accident, Thomas Mills resided with his father George Mills. George had a motor vehicle in his household which was properly insured with Auto-Owners Insurance Company (Auto-Owners) which also insured the operation of the motorcycle. The Wisconsin Auto-Owners policy provides for assumption of nonresident laws requiring compulsory insurance. Perry Fromm, a Michigan resident, was insured by Aetna Casualty & Surety Company (Aetna). George Mills, as Next Friend of Thomas Mills, and Thomas Mills filed a suit in Dickinson Circuit Court in which they asked the court to determine whether they should be awarded benefits from Auto-Owners or Aetna. Thereupon, V. Robert Payant, J., ordered that plaintiffs be granted summary judgment and that Auto-Owners pay to plaintiff no-fault insurance benefits. Furthermore, Aetna was dismissed as a party defendant. Auto-Owners appeals the order of summary judgment and plaintiffs cross-appeal the dismissal of Aetna Casualty. *Held:*

The no-fault act provides that where a nonresident is insured by an out-of-state insurer who is authorized to transact insurance business in Michigan, that insurer is liable for the no-fault benefits, and this applies also where the injuries arise out of the operation or use of a motorcycle. This is consistent with the purpose of the no-fault act that injured persons should have primary resort to their own insurers and that motorcyclists may be entitled to no-fault benefits even though a motorcycle is not a motor vehicle as defined by the no-fault act.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 7 Am Jur 2d (Rev), Automobile Insurance §§ 353, 354.
[3] 7 Am Jur 2d (Rev), Automobile Insurance § 23.

1. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLISTS.

Resident motorcyclists are entitled to claim no-fault benefits from their own insurance companies when they are injured in accidents involving motor vehicles.

2. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES.

A motorcyclist may be entitled to no-fault insurance benefits even though motorcycles are not motor vehicles as defined by the no-fault act and only owners of motor vehicles are required to maintain security for payment of no-fault benefits.

3. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — LEGISLATIVE PURPOSE — MOTORCYCLES.

The legislative purpose of the no-fault act is that injured persons, including resident motorcyclists, who are insured or whose family member is insured for no-fault benefits, should have primary resort to their own insurer and there may be resort to the insurer of another involved vehicle only when neither the injured person nor a family member in whose household he is domiciled is insured.

4. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — NONRESIDENTS — MOTORCYCLES.

The no-fault act provides that where a nonresident is insured by an out-of-state insurer who is authorized to transact insurance business in Michigan, that insurer is liable for the no-fault benefits, and this applies also where the injuries arise out of the operation or use of a motorcycle.

*McNeil, Mouw & Torreano,* for plaintiffs.

*Brouillette Law Offices* (by *Francis D. Brouillette),* for Auto-Owners Insurance Company.

*Butch, Quinn, Rosemurgy, Jardis & Valkanoff, P.C.,* for Aetna Casualty & Surety Company.

Before: J. H. GILLIS, P.J., and BASHARA and CYNAR, JJ.

PER CURIAM. Plaintiffs brought this action to determine which of the two defendant insurance companies was liable for plaintiff Thomas Mills's injury in a motorcycle-motor vehicle accident. De-

fendant, Aetna Casualty & Surety Company (Aetna), was granted summary judgment on February 1, 1980. Plaintiffs were then granted summary judgment against defendant Auto-Owners Insurance, Inc. (Auto-Owners) on March 17, 1980. Defendant Auto-Owners appeals that grant of summary judgment. Plaintiffs cross-appeal on the summary judgment which was granted to defendant Aetna, to which both defendants are cross-appellees. The following facts and issue were stipulated to by all three parties.

This controversy arises out of a motor vehicle-motorcycle accident which occurred in the State of Michigan, near the City of Iron Mountain, on or about June 25, 1979. The plaintiff-appellee, Thomas Mills, was operating a motorcycle when he collided with an automobile driven by Perry Fromm. Thomas Mills underwent hospitalization and medical treatment. At the time of the accident, Thomas Mills resided with his father, plaintiff-appellee George Mills, in the State of Wisconsin and held a valid driver's license which was issued by the State of Wisconsin. George Mills had a motor vehicle in his household which was properly insured through Auto-Owners, the defendant-appellant and cross-appellee herein. The Auto-Owners policy also insured the operation of the motorcycle. While the Wisconsin policy does not contain the Michigan no-fault insurance language, it does provide for assumption of nonresident laws requiring compulsory insurance as follows:

"20. Financial responsibility laws; compulsory insurance laws. Such insurance as is afforded by this policy under Coverages A and B shall comply with the provisions of the motor vehicle financial responsibility law of any state or province to the extent of the coverage and

limits of liability required by such law. Where a motor vehicle compulsory insurance law or any similar law requires a non-resident to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by this policy, the limits of the Company's liability and the kinds of coverage afforded shall be as set forth in such law; provided that the insurance under this agreement shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss."

Auto-Owners properly filed the written certification required of insurers under MCL 500.3163; MSA 24.13163 and is licensed to do business in the State of Michigan. At the time of this accident, Perry Fromm was a Michigan resident and had automobile insurance in effect on his vehicle which was issued by Aetna, the defendant-appellee and cross-appellee herein.

In September of 1979, plaintiffs commenced an action in Dickinson County Circuit Court in which plaintiffs asked the court to determine whether plaintiffs should be awarded automobile insurance benefits from Auto-Owners, the insurer of Thomas Mills's father and the motorcycle, or from Aetna, the insurer of the owner of the motor vehicle involved in the accident. Defendant Aetna was granted summary judgment on February 1, 1980.

Plaintiffs then moved for summary judgment against Auto-Owners as to first party liability under the no-fault act, and their motion for summary judgment was granted pursuant to a final order entered on March 17, 1980. The final order incorporated a written opinion of the lower court dated February 1, 1980, which disposed of the

questions between Auto-Owners and plaintiffs. Auto-Owners now appeals from that final order and opinion.

In order to protect their interests, plaintiffs have filed a cross-appeal in opposition to the summary judgment granted to Aetna. Both Aetna and Auto-Owners are cross-appellees.

All parties agree that the case of *Underhill v Safeco Ins Co,* 407 Mich 175, 186; 284 NW2d 463 (1979), clearly held that under the terms of the no-fault act, resident motorcyclists are entitled to claim no-fault benefits from their own insurance companies when they are injured in accidents involving motor vehicles.

The Court in *Underhill* first emphasized that the no-fault act only requires that owners of "motor vehicles" maintain security for payment of no-fault benefits and that motorcycles are not "motor vehicles" since they do not have more than two wheels. However, the Court then held that "[t]he act may not be construed as excluding the motor-cyclist from its coverage for all purposes merely because motorcycles are excluded from the statutory definition of motor vehicle". *Id.,* 184, 186. Thus, even though a motorcycle is not a "motor vehicle", the motorcyclist is entitled to no-fault benefits. See, also, *Piersante v American Fidelity Ins Co,* 88 Mich App 607, 609; 278 NW2d 691 (1979).

The Court then resolved the question of whether a motorcyclist should be allowed to recover these benefits from the insurer of the owner of the motor vehicle involved in the accident or from the insurer of the no-fault policy of a family member in the same household as the motorcyclist. The Court concluded that under the priority schedule established in MCL 500.3114; MSA 24.13114:

"the owner's or family member's insurer is primary and * * * there may be resort to the insurer of the involved vehicle only when neither the injured person nor a family member in whose household he is domiciled is insured." *Underhill, supra,* 192.

This conclusion was in accord with what the Court determined to be the legislative purpose of the no-fault act: that "injured persons who are insured or whose family member is insured for no-fault benefits would have primary resort to their own insurer". *Id.,* 191.

This ruling in *Underhill* applies where the motorcyclist is a Michigan resident claiming under MCL 500.3105(1); MSA 24.13105(1), which is the provision that operates to give Michigan residents insurance benefits without regard to fault. By contrast, a nonresident must claim no-fault benefits under MCL 500.3163; MSA 24.13163, which is the section that provides that when a nonresident is insured by an out-of-state insurer who is authorized to transact insurance in Michigan, that insurer is liable according to Michigan no-fault rules. Sections 3105 and 3163 read as follows, respectively:

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

"An insurer authorized to transact automobile liability insurance and personal property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor

vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act." ·

Defendant Auto-Owners's only argument on appeal is that § 3163 requires that the injury arise out of the operation or use of a motor vehicle, which does not include a motorcycle; and, since the injuries in the present case arose from the use of a motorcycle rather than from the ownership, operation, maintenance or use of a motor vehicle, § 3163 is unavailable to plaintiffs and plaintiffs must seek benefits from the insurer of the owner or driver of the motor vehicle involved in the accident. Defendant Auto-Owners's argument is essentially identical to the argument which was rejected in *Underhill* and *Piersante.* As noted hereinbefore, those cases held that as long as the vehicle which is involved in the accident with the motorcycle is a "motor vehicle", the motorcycle, even though it is not a "motor vehicle", is entitled to no-fault benefits. Defendant Auto-Owners's argument would lead to an interpretation of the wording in § 3163 which is inconsistent with the interpretation of virtually identical wording in § 3105. This Court's duty, however, is to construe the act "to render it internally consistent and to avoid absurd results". *Shoemaker v National Ben Franklin Ins Co of Michigan,* 78 Mich App 175, 178; 259 NW2d 414 (1977).

Therefore, defendant Auto-Owners's argument is rejected by this Court, and the judgment of the trial court is affirmed.

Affirmed. No costs, interpretation of a statute being involved.