GUIBORD v FARMERS INSURANCE EXCHANGE

Docket No. 54857. Submitted June 10, 1981, at Lansing.—Decided
    October 7, 1981.

> Francis J. Guibord was injured while riding his motorcycle as a
> result of an accident with a motor vehicle. Guibord brought an
> action for no-fault personal protection insurance benefits in
> 51st District Court against Farmers Insurance Exchange, the
> insurer of the owner and operator of the motor vehicle. Farm-
> ers, in turn, filed a third-party action against Home Insurance
> Company, insurer of Guibord's sister, and West Michigan Insur-
> ance Company, insurer of Guibord's father, on the theory that
> at the time of the accident Guibord was domiciled in the
> household of either the sister or father and the insurer of the
> household in which Guibord was domiciled was required to pay
> the benefits. Robert C. Anderson, J., found that Guibord was
> domiciled with his father in Ohio but held that the father's
> insurer was not liable under the no-fault act to pay no-fault
> benefits. Farmers moved for a new trial, which was denied.
> Farmers appealed to Oakland Circuit Court. John N. O'Brien,
> J., affirmed the district court judgment. Farmers sought leave
> to appeal in the Court of Appeals, which was denied. Docket
> No. 47355, order of March 20, 1980. Farmers sought leave to
> appeal in the Supreme Court, which, in lieu of granting leave

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 353-354.
  What constitutes a "motor vehicle" covered under no-fault insur-
    ance. 60 ALR3d 651.
  Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.
[2] 4 Am Jur 2d, Appeal and Error §§ 123, 851.
  What standards govern appellate review of trial court's conditional
    ruling pursuant to Rule 50[c][1] of Federal Rules of Civil Proce-
    dure on party's motion for new trial. 52 ALR Fed 494.
[3] 7 Am Jur 2d, Automobile Insurance § 189.
  Who is "member" or "resident" of same "family" or "household,"
    within no-fault or uninsured motorists provisions of motor vehicle
    insurance policy. 96 ALR3d 804.
[4] 7 Am Jur 2d, Automobile Insurance §§ 350, 351, 353-354.

to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 409 Mich 939 (1980). *Held:*

1. The district court's factual determination that plaintiff was a resident of the household of his father in Ohio cannot be said to be improper on the evidence presented. Accordingly, it cannot be said that the district court abused its discretion in denying defendant Farmers' motion for a new trial.

2. The provision of the no-fault insurance act imposing liability upon an insurer of an out-of-state resident for injuries arising out of the ownership, maintenance or use of a motor vehicle as a motor vehicle by the out-of-state resident does not impose upon such insurer liability for no-fault benefits where, as here, the out-of-state resident insured is injured while operating a motorcycle, since a motorcycle is not a motor vehicle within the meaning of the no-fault insurance act. Since plaintiff was not entitled to recover no-fault benefits from his father's Ohio insurer, defendant Farmers Insurance Exchange, as insurer of the motor vehicle involved with plaintiff-motorcyclist, is liable to pay such benefits.

Affirmed.

1. INSURANCE — MOTORCYCLES — NO-FAULT INSURANCE ACT.

A motorcyclist injured in an accident involving a motor vehicle may be entitled to claim no-fault benefits even though two-wheeled motorcycles do not qualify as motor vehicles under the no-fault insurance act (MCL 500.3101[2]; MSA 24.13101[2]).

2. APPEAL — MOTIONS — NEW TRIAL.

The Court of Appeals will interfere with the discretion of the trial court in its determination of a motion for new trial only when an unprejudiced person can say, upon the facts on which the trial judge acted, that there was no justification or excuse for the ruling made.

3. WORDS AND PHRASES — DOMICILE — RESIDENCE — INSURANCE.

The factors to be considered in determining whether a claimant is a "resident" of an insured's household or "domiciled in the same household" include: (1) the subjective or declared intent of the claimant to remain, either permanently or for an indefinite time, in the household, (2) the formality of the relationship between the claimant and the members of the household, (3) whether the claimant lives in the same house, within the same curtilage, or upon the same premises as the insured, and (4) whether the claimant has another place of lodging.

4. Insurance — Automobiles — No-Fault Insurance — Nonresidents — Motorcycles.

    The bodily injuries and property damage incurred by a motorcyclist who is an out-of-state resident as a result of an accident in Michigan between the motorcyclist and a motor vehicle registered in Michigan are not injuries and damages arising out of the use of a motor vehicle by an out-of-state resident within the meaning of the certification provision of the no-fault insurance act; accordingly, the insurer of such out-of-state motorcyclist is not liable for payment of no-fault benefits to the motorcyclist but rather liability for such payment falls upon the insurers of the owner or operator of the motor vehicle involved in the accident in accordance with the priority of liability provision of the no-fault act (MCL 500.3163; MSA 24.13163).

*Pere, Schmidt, Raguso & Isgrigg,* for plaintiff.

*Sauer, Sterling & Schilling,* for Farmers Insurance Exchange.

*Young & Heckman,* for Home Insurance Company.

*Don F. Shell,* for West American Insurance Company.

Before: Danhof, C.J., and M. F. Cavanagh and D. R. Freeman,* JJ.

Danhof, C.J. This action arose out of a motorcycle-motor vehicle accident. Plaintiff Francis Guibord, the motorcyclist, brought this action for no-fault personal protection insurance benefits against defendant third-party plaintiff Farmers Insurance Exchange (Farmers), the insurer of the owner and operator of the motor vehicle, Nancy Haaseth. Farmers, in turn, filed a third-party action against Home Insurance Company (Home), the insurer of Guibord's sister, and against West

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

American Insurance Company (West American), the insurer of Guibord's father. The theory behind the third-party complaint was that at the time of the accident Guibord had been domiciled either in his sister's Michigan household or in his father's Ohio household, and that MCL 500.3114(1); MSA 24.13114(1), required benefits to be paid by either Home or West American.

Prior to trial, the district court granted summary judgment for West American on the ground that the conditions for liability of an out-of-state insurer under MCL 500.3163; MSA 24.13163 had not been met. At the conclusion of the nonjury trial the district court found that Guibord had been domiciled in Ohio at the time of the accident. Under this decision Farmers is required to pay Guibord's personal protection insurance (PIP) benefits pursuant to MCL 500.3115(1); MSA 24.13115(1).

Farmers appealed the district court's decision to circuit court, which affirmed. Farmers then sought leave to appeal to this Court, which denied leave. Farmers sought leave to appeal to the Supreme Court, which Court in lieu of leave to appeal remanded to this Court for consideration as on leave granted.[1]

The first issue raised by Farmers concerns whether the trial court erred in denying its motion for a new trial on the ground that the court's finding that Guibord was domiciled in Ohio on the date of the accident is against the great weight of the evidence.

Before we address the merits of this issue, we note that Guibord was not a named insured in any automobile insurance policy. Furthermore, the motorcycle he was driving did not qualify as a "motor

[1] 409 Mich 939 (1980).

vehicle" pursuant to MCL 500.3101(2); MSA 24.13101(2) of the no-fault act. However, under the terms of the no-fault act, a motorcyclist may be entitled to claim no-fault benefits when he is injured in an accident involving a motor vehicle. *Underhill v Safeco Ins Co,* 407 Mich 175, 182-186; 284 NW2d 463 (1979). See also *Piersante v American Fidelity Ins Co,* 88 Mich App 607; 278 NW2d 691 (1979).

In examining Guibord's claim for PIP benefits, it is important to determine if he was domiciled in Ohio or Michigan on August 10, 1976, since § 3114(1) provides in pertinent part:

"Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, *and a relative of either domiciled in the same household.*" (Emphasis added.)

In the event § 3114(1) is not applicable, § 3115(1) provides:

"Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident."

Under § 3114(1) and § 3115(1), if Guibord was domiciled in his sister's Michigan household at the time of the accident, then he qualifies for PIP benefits from her insurer, Home. *Underhill, supra,* 182. If Guibord was domiciled in his father's Ohio

household at the time of the accident, then he might qualify for PIP benefits from either his father's insurer, West American, or the insurer of the motor vehicle involved in the accident, Farmers. Whether Farmers or West American is liable for Guibord's PIP benefits will be discussed more fully later in this opinion.

As noted above, the district court, acting as trier of fact, found that at the time of the accident Guibord was domiciled in his father's Ohio household. The trial court also denied Farmers' motion for a new trial.

A new trial may be ordered if the court in its discretion considers the decision to be against the great weight of the evidence. DCR 527.1(5). This Court interferes with the trial court's exercise of its discretion "only if abuse of its discretion is so plain that upon consideration of the facts upon which the trial judge acted an unprejudiced person can say that there was no justification or excuse for the ruling made". *Carpenter v Cleveland,* 32 Mich App 213, 215; 188 NW2d 248 (1971).

In *Workman v Detroit Automobile Inter-Ins Exchange,* 404 Mich 477, 496-497; 274 NW2d 373 (1979), the Supreme Court set forth the following factors to be considered in determining "domicile" under § 3114(1):

"(1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his 'domicile' or 'household'; * * * (2) the formality or informality of the relationship between the person and the members of the household; * * * (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises, * * * (4) the existence of another place of lodging by the person alleging 'residence' or 'domicile' in the household; * * *."

In the instant case, Guibord, who had just graduated from high school in Ohio, came to Michigan in June of 1976. Guibord testified that he intended to stay in Michigan only for the summer of 1976. Thereafter he intended to return to his father's Ohio home and look for a job in Ohio. Guibord gave a reasonable explanation for his stay in Michigan: the job market in his small Ohio hometown was temporarily glutted with college students. According to Guibord, his intention of returning to Ohio changed after the accident as a result of his desire to continue treatment with a Michigan physician, Dr. Joseph Carlisle.

Farmers relies on a chain of inferences in support of its contention that the determination of the trial court is against the great weight of the evidence. Farmers asserts, *inter alia,* that Dr. Carlisle's testimony indicates that Guibord might have visited him only once during a period of five or six months after January of 1977 and that Guibord was not really concerned with the proximity of Dr. Carlisle. Farmers also claims that it can be inferred from Guibord's failure to leave Michigan after the accident that he intended to make Michigan his domicile before the accident. We do not find these inferences so compelling as to support the conclusion that the trial court abused its discretion. The findings of the trial court as to Guibord's domicile are affirmed.

Farmers argues, alternatively, that even if the trial court were correct in finding that Guibord was domiciled in Ohio at the time of the accident, that court erred in granting summary judgment in favor of West American on the ground that the conditions for liability for an out-of-state insurer under § 3163 had not been met. Farmers reasons that if Guibord was domiciled in his father's Ohio

household, West American, having filed the written certification required of out-of-state insurers under § 3163, is bound by the priority of payment provisions of § 3114(1) and § 3115(1).

Farmers' arguments find support in a recent decision by another panel of this Court. In *Mills v Auto-Owners Ins Co,* 102 Mich App 105; 300 NW2d 757 (1980), a Wisconsin motorcyclist was injured in a motorcycle-motor vehicle accident and sought no-fault benefits from either his father's Wisconsin insurer or the insurer of the Michigan driver of the motor vehicle involved in the accident. The panel in *Mills* examined relevant case law and what it viewed as the pertinent provisions of the no-fault act and concluded that the Wisconsin insurer (Auto-Owners) was liable for the motorcyclist's no-fault benefits. In reaching this conclusion, *Mills* stated:

"Defendant Auto-Owners's only argument on appeal is that § 3163 requires that the injury arise out of the operation or use of a motor vehicle, which does not include a motorcycle; and, since the injuries in the present case arose from the use of a motorcycle rather than from the ownership, operation, maintenance or use of a motor vehicle, § 3163 is unavailable to plaintiffs and plaintiffs must seek benefits from the insurer of the owner or driver of the motor vehicle involved in the accident. Defendant Auto-Owners's argument is essentially identical to the argument which was rejected in *Underhill* and *Piersante.* As noted hereinbefore, those cases held that as long as the vehicle which is involved in the accident with the motorcycle is a 'motor vehicle', the motorcycle, even though it is not a 'motor vehicle', is entitled to no-fault benefits. Defendant Auto-Owners's argument would lead to an interpretation of the wording in § 3163 which is inconsistent with the interpretation of virtually identical wording in § 3105. This Court's duty, however, is to construe the act 'to render it internally consistent and to avoid absurd results'.

*Shoemaker v National Ben Franklin Ins Co of Michigan,* 78 Mich App 175, 178; 259 NW2d 414 (1977).

"Therefore, defendant Auto-Owners's argument is rejected by this Court, and the judgment of the trial court is affirmed." *Id.,* 111.

We disagree with the reasoning of *Mills,* and conclude that *Mills* overlooked a crucial distinction between § 3105, MCL 500.3105; MSA 24.13105, and § 3163.

Section 3105(1) provides:

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

Section 3163(1) provides:

"An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle *by an out-of-state resident* who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act." (Emphasis added.)

Unlike *Mills,* we do not find that § 3105 and § 3163 are "virtually identical". Section 3105 contains no counterpart to the emphasized language in § 3163. We also note that in *Underhill* and *Piersante* the Courts did not hold that a motorcycle was a "motor vehicle" for purposes of § 3105. Rather, those Courts held that the motorcyclists

were entitled to no-fault benefits because, even though they were not using a motor vehicle, the other party involved in the accident was. Thus, the accidents arose out of the use of a motor vehicle.

In the instant case, Guibord's accident arose out of the use of a motor vehicle but did not arise out of the use of a motor vehicle by an out-of-state resident. Guibord was the out-of-state resident involved and he was using a motorcycle. Thus, we find that the conditions for liability of an out-of-state insurer set forth in § 3163 have not been met. The trial court did not err in granting summary judgment in favor of West American.

To summarize, we find that the priority provisions of § 3114(1) and § 3115(1) are applicable to this case. We also find that Home is not liable for Guibord's PIP benefits because Guibord was not domiciled in his sister's Michigan household at the time of the accident. West American is not liable for Guibord's PIP benefits because the conditions for liability of an out-of-state insurer set forth in § 3163 have not been met. However, Farmers, as the insurer of the motor vehicle involved in this accident, is liable for Guibord's PIP benefits under § 3115(1) of the no-fault act.

Affirmed. No costs, interpretation of a statute being involved.