BROMLEY v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 55227. Submitted November 3, 1981, at Grand Rapids.—
Decided February 3, 1982.

Marion Bromley was injured when an unidentified automobile
forced his motorcycle off the road on May 14, 1976. The
motorcycle was not insured for no-fault benefits, however,
Bromley carried no-fault insurance on his car through Citizens
Insurance Company of America. An agent of Citizens told
Bromley that the accident was not covered because his motor-
cycle never collided with or was touched by the automobile. No
written claim was filed. On August 3, 1979, Bromley brought
an action against Citizens in the Manistee Circuit Court for
personal protection benefits, alleging misrepresentation on be-
half of the agent. The court, Charles A. Wickens, J., granted
summary judgment for defendant, holding that the lack of
contact between the automobile and the motorcycle precluded
the award of no-fault benefits and that the statute of limita-
tions barred the action. Plaintiff appealed. *Held:*

A motorcyclist who is insured under an automobile policy
may recover personal protection benefits for injuries suffered in
an accident where there is a causal nexus between the accident
and the ownership, operation, maintenance or use of a motor
vehicle whether or not the motorcycle and the motor vehicle
actually collided or touched. However, plaintiff's claim was
barred by the statute of limitations, which was not tolled by
the acts of defendant's agent. Further, defendant is not es-
topped to assert the statute as a defense.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

A trial court's grant of summary judgment for failure to state a

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 231, 232.
[2] 7 Am Jur 2d, Automobile Insurance §§ 353, 354.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[3] 7 Am Jur 2d, Automobile Insurance § 339.
[4] 28 Am Jur 2d, Estoppel and Waiver § 41.
[5] 43 Am Jur 2d, Insurance § 261.

claim upon which relief can be granted is tested by examination of the pleadings alone; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion for summary judgment should be denied (GCR 1963, 117.2[1]).

2. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — PERSONAL PROTECTION BENEFITS.

A motorcyclist who is insured under an automobile policy may recover personal protection benefits for injuries suffered in an accident where there is a causal nexus between the accident and the ownership, operation, maintenance or use of a motor vehicle whether or not the motorcycle and the motor vehicle actually collided or touched (MCL 500.3105[1]; MSA 24.13105[1]).

3. LIMITATION OF ACTIONS — NO-FAULT INSURANCE — FRAUDULENT CONCEALMENT.

The statute of limitations for claims for personal protection benefits is tolled where the person who is or may be liable fraudulently conceals the existence of the claim or the identity of any person who is liable; fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of the information disclosing a right of action, and the acts relied on must be of an affirmative character and fraudulent.

4. ESTOPPEL — EQUITABLE ESTOPPEL.

A prerequisite to the application of equitable estoppel to prevent a defendant from asserting the statute of limitations as a defense is that the defendant intentionally misled the plaintiff.

5. TORTS — STRICT LIABILITY — INSURANCE.

The Court of Appeals will not impose strict liability on insurance agents to interpret the law and insurance contracts accurately.

*McCroskey, Libner, Van Leuven, Feldman, Cochrane & Brock, P.C.* (by *Eric C. Lewis*), for plaintiff.

*Collinge, Silky & Kobza* (by *Douglas M. Hughes*), for defendant.

Before: R. B. BURNS, P.J., and BASHARA and M. R. KNOBLOCK,* JJ.

PER CURIAM. Plaintiff appeals the trial court's order granting summary judgment in defendant's favor.

Plaintiff alleged in his complaint that on May 14, 1976, while driving his motorcyle, an unidentified car sped toward him, crossed the center line and forced him off the road, resulting in numerous personal injuries. The motorcycle was not insured for no-fault benefits. However, plaintiff carried no-fault insurance on his automobile through defendant.

On February 8, 1977, plaintiff talked to defendant's agent, Thomas F. Thompson, about the possibility of recovering personal injury protection benefits under his automobile no-fault insurance policy. Thompson told plaintiff at that time, as well as two years later, that the accident was not covered because plaintiff's motorcycle never really collided with or was touched by the unidentified car. No written claim was filed.

On August 3, 1979, plaintiff commenced this action seeking personal injury benefits pursuant to the Michigan no-fault act, MCL 500.3101 et seq.; MSA 24.13101 et seq., and alleged misrepresentation on the part of Thompson acting on behalf of defendant. Defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1). The trial court granted the motion, holding that the lack of contact between the unidentified car and the motorcycle precludes an award of no-fault benefits. The court also granted summary judgment as to the misrepresentation claim on the finding that there was no conduct on the part of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's agent, Thompson, which would estop defendant from raising the summary judgment defense.

The standard which governs review of summary judgment based upon a failure to state a claim upon which relief can be granted is well settled. The motion for such a judgment tests the legal sufficiency of the complaint, not whether there is factual support for it. Factual allegations, along with inferences or conclusions which may be fairly drawn therefrom, are taken as true. The motion brought under GCR 1963, 117.2(1) should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can justify a right to recover. *O'Toole v Fortino,* 97 Mich App 797; 295 NW2d 867 (1980).

In order for plaintiff to establish a claim under his automobile no-fault policy for the motorcycle accident, he must present proof that the injury arose "out of the ownership, operation, maintenance or use of a motor vehicle". MCL 500.3105(1); MSA 24.13105(1).

In *Piersante v American Fidelity Ins Co,* 88 Mich App 607; 278 NW2d 691 (1979), this Court held that plaintiff was entitled to no-fault personal protection benefits under his automobile insurance policy when his motorcycle collided with another automobile. The *Piersante* opinion is based upon an exhaustive analysis of several sections of the no-fault act. Also, see *Porter v Michigan Mutual Liability Co,* 80 Mich App 145; 263 NW2d 318 (1977).

The only factual difference between *Piersante* and this case is that the automobile did not actually touch this plaintiff's motorcycle. However, we find *Piersante* and *Porter* to be controlling. The proper point of inquiry is whether or not the

accident arose from the use of a motor vehicle. The fact that the car did not actually touch the motorcycle is irrelevant as long as the causal nexus between the accident and the car is established.

We find the pleadings to be sufficient to sustain an action under these alleged facts and that this case is unlike those cases where this Court has found the injuries to be only tangentially related to the use of an automobile. *Cf. Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980), *Ciaramitaro v State Farm Ins Co,* 107 Mich App 68; 308 NW2d 661 (1981), and *Ricciuti v Detroit Automobile Inter-Ins Exchange,* 101 Mich App 683; 300 NW2d 681 (1980). If plaintiff could sustain the burden of proof that the phantom car existed and caused the accident, he has presented a claim upon which relief can be granted and summary judgment was improper as to this issue.

However, summary judgment also was granted due to the fact that the statute of limitations had run under the no-fault act, MCL 500.3145; MSA 24.13145. Plaintiff alleges that Thompson's misrepresentations to him concerning coverage tolled the statute pursuant to MCL 600.5855; MSA 27A.5855, which states:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

In *De Haan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932), the Supreme Court interpreted the above tolling provision as follows:

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of the information disclosing a right to action. The acts relied on must be of an affirmative character and fraudulent."

Also, see *Draws v Levin,* 332 Mich 447; 52 NW2d 180 (1952).

In *DiGiovanni v Yacenick,* 9 Mich App 590; 157 NW2d 785 (1968), this Court held that the statute was not applicable where the plaintiff relied upon defendant's nonfraudulent representations concerning settlement in allowing the suit to be dismissed. Similarly, this plaintiff failed to allege fraud in the complaint. Consequently, the statute is not applicable and the statute of limitations is not tolled thereby.

We also find plaintiff's argument that defendant is estopped from asserting the statute of limitations defense to be without merit. There is no allegation in the complaint that defendant intentionally misled plaintiff, a necessary prerequisite for application of equitable estoppel. *Keller v Losinski,* 92 Mich App 468; 285 NW2d 334 (1979). The opinion of Thompson and his superiors that the accident was not covered was a reasonable interpretation of the statute at the time it was given. To accept plaintiff's argument that the statute should be tolled under this scenario would effectively eliminate the statute of limitations mandated by the Legislature since the defendant insurance company's denial of liability always precipitates a lawsuit. See *Federal Kemper Ins Co v*

*Western Ins Cos,* 97 Mich App 204; 293 NW2d 765 (1980).

For similar reasons, plaintiff's separate count sounding in tort for the alleged misrepresentation was properly dismissed. Defendant did not tell a falsehood to plaintiff upon which he reasonably relied in waiting three years to commence suit. Defendant merely told plaintiff its reasonable position on the question of coverage. It was incumbent upon plaintiff at that time to seek legal assistance if he disagreed. This Court will not impose strict liability on insurance agents to interpret the law and insurance contracts accurately. Since the statements were not false in fact at the time made, no misrepresentation action was pled. See *United States Fidelity & Guaranty Co v Black,* 412 Mich 99; 313 NW2d 77 (1981).

Affirmed. Costs to appellee.