MILLS v AUTO-OWNERS INSURANCE, INC

Docket No. 66541. Decided June 28, 1982. On application by defendant Auto-Owners Insurance, Inc., for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the circuit court and remanded the case to the circuit court. Rehearing denied 414 Mich 1109.

George Mills, as next friend of Thomas Mills, brought an action against Auto-Owners Insurance, Inc., and Aetna Casualty & Surety Company, seeking a determination which company was obligated to pay no-fault benefits for injuries sustained by Thomas Mills, a Wisconsin resident, in an accident in Michigan involving the motorcycle he was driving and an automobile operated by a Michigan resident. The motorcycle was insured by George Mills in Wisconsin with Auto-Owners, and the policy provided for incorporation of out-of-state nonresident compulsory insurance laws. The Michigan vehicle was insured with Aetna. The Dickinson Circuit Court, V. Robert Payant, J., determined Auto-Owners to be responsible for payment of benefits. The Court of Appeals, J. H. Gillis, P.J., and Bashara and Cynar, JJ., affirmed (Docket No. 50781). Auto-Owners seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

An insurer of an out-of-state motorcycle is not responsible to pay no-fault benefits to the operator of the motorcycle who is injured in Michigan in an accident with a motor vehicle insured in Michigan. Responsibility for payment of benefits rests with the insurer of the Michigan vehicle.

1. The no-fault act provides that an insurer authorized to transact automobile liability and personal and property protection insurance in Michigan must agree to pay no-fault benefits for damage arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident insured under the company's policy.

2. Under the no-fault act, a motorcycle is not a motor vehicle. However, motorcyclists who are injured in an accident with a motor vehicle are entitled to no-fault benefits. In this case, the accident, while arising out of the use of a motor vehicle, did not arise out of the use of a motor vehicle by an out-of-state

resident. Thus, the conditions for liability of Auto-Owners as an out-of-state insurer were not met, and Aetna is responsible for the payment of no-fault benefits. This decision renders the plaintiffs' application for leave to appeal moot, and it is denied.

102 Mich App 105; 300 NW2d 757 (1980) reversed and remanded.

*McNeil, Mouw & Torreano* (by *John L. Mouw)* for plaintiff.

*Francis D. Brouillette* for defendant Auto-Owners Insurance, Inc.

*Butch, Quinn, Rosemurgy, Jardis & Valkanoff, P.C.* (by *Allen S. Bush),* for defendant Aetna Casualty & Surety Company.

PER CURIAM. We resolve in this case the conflict within the Court of Appeals over the interpretation of the no-fault insurance act[1] as it relates to benefits for a nonresident motorcyclist involved in a Michigan accident with a Michigan insured vehicle.

I

Thomas Mills, a Wisconsin resident, was driving a motorcycle in Iron Mountain, Michigan, on June 25, 1979, when he collided with an automobile operated by a Michigan resident, Perry Fromm. Mills at the time resided with his father in Wisconsin. His father held an insurance policy, covering the motorcycle and another household vehicle, issued by Auto-Owners Insurance Company. The policy included a provision for assumption of non-

---

[1] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

resident laws requiring compulsory insurance.[2] Auto-Owners is licensed to do business in Michigan and has filed the certificate required under MCL 500.3163(1); MSA 24.13163(1) as to coverage for its insured out-of-state residents. The insurance for the Fromm vehicle was issued by Aetna Casualty & Surety Company.

Thomas Mills and his father filed a complaint in Dickinson Circuit Court which sought a determination whether Auto-Owners or Aetna was responsible for no-fault benefits. After Aetna and the Millses filed motions for summary judgment, the circuit judge held that Auto-Owners was responsible for the benefits. The Court of Appeals affirmed. 102 Mich App 105; 300 NW2d 757 (1980).

Later, however, in a somewhat similar case, the Court of Appeals held that the insurer of the resident's vehicle was responsible for benefits. *Guibord v Farmers Ins Exchange,* 110 Mich App 218; 312 NW2d 219 (1981). In *Guibord,* an Ohio motorcyclist was involved in an accident in Michigan with an automobile operated by a Michigan resident. One of the questions raised was whether the insurer of the Michigan resident, Farmers Insur-

---

[2] "Financial responsibility laws; compulsory insurance laws. Such insurance as is afforded by this policy under Coverages A and B shall comply with the provisions of the motor vehicle financial responsibility law of any state or province to the extent of the coverage and limits of liability required by such law. Where a motor vehicle compulsory insurance law or any similar law requires a non-resident to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by this policy, the limits of the Company's liability and the kinds of coverage afforded shall be as set forth in such law; provided that the insurance under this agreement shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss."

ance, or the insurer of the Ohioan's father, West American Insurance Company, was liable.

## II

In *Underhill v Safeco Ins Co,* 407 Mich 175, 192; 284 NW2d 463 (1979), we said that the no-fault act establishes the right of a *resident* motorcyclist to claim no-fault benefits from his own insurance company when he is injured in an accident with a motor vehicle. "[R]esort to the insurer of the involved vehicle" is available "only when neither the injured person nor a family member in whose household he is domiciled is insured". Consequently, if Mills or Guibord had been residents, liability would have been with Auto-Owners and West American. The question then is whether their nonresidency requires a different result. We conclude that it does.

MCL 500.3105(1) and 500.3163(1); MSA 24.13105(1) and 24.13163(1) are the relevant provisions for our inquiry. Section 3105 provides:

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

Section 3163 provides:

"An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle *by an out-of-state resident*

who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act." (Emphasis added.)

In this case, the Court of Appeals said:

"Defendant, Auto-Owners's argument is essentially identical to the argument which was rejected in *Underhill* and *Piersante [v American Fidelity Ins Co,* 88 Mich App 607; 278 NW2d 691 (1979)]. As noted hereinbefore, those cases held that as long as the vehicle which is involved in the accident with the motorcycle is a 'motor vehicle', the motorcycle, even though it is not a 'motor vehicle', is entitled to no-fault benefits. Defendant Auto-Owners's argument would lead to an interpretation of the wording in § 3163 which is inconsistent with the interpretation of virtually identical wording in § 3105. This Court's duty, however, is to construe the act 'to render it internally consistent and to avoid absurd results'. *Shoemaker v National Ben Franklin Ins Co of Michigan,* 78 Mich App 175, 178; 259 NW2d 414 (1977)." 102 Mich App 111.

The Court of Appeals panel in *Guibord* disagreed:

"Unlike *Mills,* we do not find that § 3105 and § 3163 are 'virtually identical'. Section 3105 contains no counterpart to the emphasized language in § 3163. We also note that in *Underhill* and *Piersante* the Courts did not hold that a motorcycle was a 'motor vehicle' for purposes of § 3105. Rather, those Courts held that the motorcyclists were entitled to no-fault benefits because, even though they were not using a motor vehicle, the other party involved in the accident was. Thus, the accidents arose out of the use of a motor vehicle.

"In the instant case, Guibord's accident arose out of the use of a motor vehicle but did not arise out of the use of a motor vehicle by an out-of-state resident. Guibord was the out-of-state resident involved and he

was using a motorcycle. Thus, we find that the conditions for liability of an out-of-state insurer set forth in § 3163 have not been met." 110 Mich App 226-227.

We find the *Guibord* analysis to be correct and adopt it.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgments of the Court of Appeals and the circuit court and remand the case to the Dickinson Circuit Court for entry of an order directing payment of appropriate no-fault benefits by Aetna. The plaintiffs' application for leave to appeal as cross-appellant is therefore moot and is denied.

Costs to defendant Auto-Owners.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.