EDQUIST v CADILLAC MUTUAL INSURANCE COMPANY

Docket No. 59717. Submitted June 21, 1982, at Detroit.—Decided September 23, 1982. Leave to appeal applied for.

Plaintiff, Paul E. Edquist, personal representative of the estate of Paul Engelbrecht Edquist, deceased, brought an action in the Wayne Circuit Court against defendant, Cadillac Mutual Insurance Company, for first-party personal injury protection benefits under Michigan's no-fault insurance act. The deceased, a resident of the State of Washington, was insured by Nationwide Mutual Insurance Company. The driver of the automobile which struck the deceased in Michigan, causing injuries which led to the deceased's death, was insured by Cadillac Mutual. Plaintiff claims a total of $71,978.53 in personal injury protection benefits. Medicare has paid a total of $69,592 for medical expenses and Nationwide has paid $402.83 in medical expenses. Plaintiff thereafter filed an objection to mediation on the grounds that there were no factual issues in dispute and that the only unresolved issue was whether Medicare benefits might be set off against personal injury protection benefits. On the day of trial both parties filed a "Stipulation and Order for Discontinuance" stating that the lawsuit had been settled, agreeing to a dismissal with prejudice and agreeing that within 20 days of publication of a case pending before the Supreme Court involving the same issue plaintiff would be allowed to seek leave to modify the order to conform with that holding. Thereafter, the Supreme Court held that Medicare benefits received by an insured need not be set off against personal injury protection benefits payable under the no-fault act. Plaintiff thereafter filed a motion for reinstatement, which was granted. The Wayne Circuit Court, John M. Wise, J., granted the defendant's motion for summary judgment on the ground that plaintiff should proceed against Nationwide, the decedent's

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 344, 355.
  Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance § 355.

insurance carrier, for personal injury protection benefits. Plaintiff appeals. *Held:*

1. The responsibility for payment of no-fault benefits rests with the insurer of the Michigan motor vehicle, the defendant.

2. The trial court erred in granting the motion for summary judgment in favor of the defendant.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — NONRESIDENT PEDESTRIANS — RESIDENT DRIVERS.

   The responsibility for payment of no-fault insurance benefits rests with the insurer of the Michigan motor vehicle where an accident occurs in Michigan between a pedestrian who is a resident of the State of Washington and a motor vehicle driven by a Michigan resident.

2. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — PEDESTRIANS — BICYCLES.

   Owners and operators of motorcycles are comparable to pedestrians and owners and operators of bicycles for purposes of coverage under Michigan's no-fault insurance act because they are not required under the act to purchase no-fault insurance (MCL 500.3101; MSA 24.13101).

*Hurbis & Graf* (by *C. J. Hurbis*), for plaintiff.

*Ulanoff, Ross, Summer, LaKritz, Wesley & Bloom, P.C.* (by *Barry F. LaKritz*), for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

PER CURIAM. Plaintiff appeals as of right from the entry of an order for summary judgment. Plaintiff's cause of action arises out of an accident which occurred on May 27, 1976, involving a pedestrian and a motor vehicle. Plaintiff's decedent was walking across Rogell Drive at the Detroit Metropolitan Airport when he was struck by an automobile owned and operated by Viril Combs.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

As a result of the collision, plaintiff's decedent suffered injuries which eventually led to his death.

At the time of the accident, plaintiff's decedent was a resident of the State of Washington and was insured by Nationwide Mutual Insurance Company (Nationwide), a certified no-fault insurance carrier in the State of Michigan. The driver of the automobile which struck plaintiff's decedent was a resident of Michigan with no-fault insurance through the defendant in this action, Cadillac Mutual Insurance Company (Cadillac Mutual), also a certified no-fault insurance carrier.

On April 20, 1977, plaintiff filed an action against Cadillac Mutual for first-party, personal injury protection benefits, claiming liability under Michigan's no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* specifically, MCL 500.3115(1); MSA 24.13115(1). Plaintiff claims a total of $71,978.53 in personal injury protection benefits. Plaintiff also states that Medicare paid a total of $69,592 for medical expenses and that, as of July 21, 1977, Nationwide had paid $402.83 in medical expenses.

On April 28, 1980, plaintiff filed an objection to mediation, scheduled for May 20, 1980, on the grounds that there were no factual issues in dispute and that the only unresolved issue was whether Medicare benefits might be set off against personal injury protection benefits. A case involving the same issue was then pending before the Supreme Court. *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981).

On the day of trial, September 18, 1980, both parties filed a "Stipulation and Order for Discontinuance" in which they stated that the lawsuit had been settled. The parties agreed to a dismissal

with prejudice and agreed that, within 20 days of publication of the *LeBlanc* decision, plaintiff would be allowed to seek leave to modify the order in conformance with that holding.

The Supreme Court rendered its decision in *LeBlanc* on February 3, 1981, holding that Medicare benefits received by an insured need not be set off against personal injury protection benefits payable under the no-fault act. On March 5, 1981, plaintiff filed a motion for reinstatement, which was granted.

On July 24, 1981, defendant filed a motion for summary judgment which was granted on August 14, 1981, pursuant to GCR 1963, 117.2(1), on the ground that plaintiff should proceed against the decedent's insurance carrier for personal injury protection benefits. Plaintiff appeals this order on two grounds.

Plaintiff's first issue concerns the identity of the insurance carrier liable for the personal injury protection benefits. The case critical to our decision is *Mills v Auto-Owners Ins, Inc,* 413 Mich 567; 321 NW2d 651 (1982), concerning an accident between a motorcycle driven by a Wisconsin resident and a motor vehicle driven by a Michigan resident. The accident occurred in Michigan. The Supreme Court held that responsibility for payment of no-fault benefits rested with the insurer of the Michigan motor vehicle.

*Mills* is equally applicable to accidents involving a pedestrian and a motor vehicle. In *Underhill v Safeco Ins Co,* 407 Mich 175, 186; 284 NW2d 463 (1979), the Supreme Court concluded that owners and operators of motorcycles are comparable to pedestrians and owners and operators of bicycles because they are not required under § 3101 to purchase no-fault insurance.

It, therefore, appears that the trial court erred by granting a summary judgment in favor of Cadillac Mutual.

In light of our decision regarding plaintiff's first issue, we find it unnecessary to decide whether the trial court erred by considering defendant's liability to plaintiff, contrary to the parties' stipulation and order for discontinuance.

Reversed and remanded for proceedings consistent with this opinion.