# STATE OF MICHIGAN

# COURT OF APPEALS

HOME OWNERS INSURANCE COMPANY,

      Plaintiff-Appellee,

v

ALLSTATE INSURANCE COMPANY,

      Defendant-Appellant.

UNPUBLISHED
September 15, 2015

No. 321638
Ingham Circuit Court
LC No. 13-000239-CK

Before: GADOLA, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] an order of the trial court granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and entering a declaratory judgment in favor of plaintiff. We reverse and remand for entry of summary disposition in favor of defendant.

The underlying facts are undisputed. On July 14, 2008, Marana Czap, a minor domiciled in Pennsylvania, was hit by a car while attempting to walk across a road near Bay City, Michigan. Czap was visiting her father, who had an automobile insurance policy with plaintiff. Czap's mother was insured through a policy issued by defendant to Czap's grandparents, with whom Czap and her mother lived in Pennsylvania. Plaintiff paid Czap first party no-fault benefits of $62,749.61 after Farm Bureau Insurance Company, the insurer of the driver, initially paid the benefits and obtained recoupment from plaintiff in a Bay Circuit Court action. Plaintiff subsequently brought this action seeking reimbursement from defendant, asserting that defendant was the proper carrier to provide coverage. Plaintiff sought summary disposition, arguing that pursuant to MCL 500.3163, defendant "is responsible to provide first party no-fault coverage" because Czap "resided with her grandparents on the day of the accident." In response, defendant argued that MCL 500.3163(1) precluded coverage where the out-of-state party was not operating a vehicle in Michigan. The court concluded that if the Legislature had not adopted MCL 500.3163(4), defendant would not be liable for benefits under subsection (1). In light of this, the

---

[1] *Home Owners Ins Co v Allstate Ins Co, Smith v Smith*, unpublished order of the Court of Appeals, entered September 11, 2014 (Docket No. 321638).

court concluded, the purpose of § 3163(4) is to extend coverage to non-occupants of motor vehicles. Thus, the court held that defendant was liable for benefits.

Defendant argues that the trial court erred. We review de novo a trial court's decision on a motion for summary disposition, *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008), as well as issues of statutory interpretation, *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005). In reviewing a motion for summary disposition under MCR 2.116(C)(10), a court considers "affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (internal quotation marks and citations omitted). A (C)(10) motion "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011).

Michigan's no-fault insurance act, MCL 500.3101 *et seq.*, establishes the priority of insurers responsible for an individual's PIP benefits. *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 254-255; 819 NW2d 68 (2012). Generally, when an individual suffers personal injuries as the result of a motor vehicle accident, that person looks first to their own no-fault policy or to a no-fault policy issued to a relative if the injured party and the insured relative are domiciled in the same household. MCL 500.3114(1); see also *Corwin*, 296 Mich App at 262. Here, Czap was domiciled with her mother and maternal grandparents in Pennsylvania and was covered under an insurance policy issued by defendant to her maternal grandparents.

However, defendant argues that MCL 500.3163 operates to remove it from the order of priority. MCL 500.3163 provides in pertinent part as follows:

> (1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.

> * * *

> (4) If an insurer of an out-of-state resident is required to provide benefits under subsections (1) to (3) to that out-of-state resident for accidental bodily injury for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00. Benefits under this subsection are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits.

-2-

In *Mills v Auto-Owners Ins*, 413 Mich 567, 568,571-572; 321 NW2d 651 (1982), our Supreme Court held that because a Wisconsin motorcyclist's accident with a vehicle operated in Michigan by a Michigan resident "did not arise out of the use of a motor vehicle by an out-of-state resident," the "conditions for liability of an out-of-state insurer set forth in [MCL 500.3163(1)] have not been met." In *Edquist v Cadillac Mut Ins Co*, 119 Mich App 801, 804; 327 NW2d 368 (1982), this Court held that *Mills* was "equally applicable to accidents involving a pedestrian and a motor vehicle." Over a decade later, this Court explained that "[a]n insurer becomes liable under [MCL 500.3163] when (1) it is certified in Michigan, (2) there exists an automobile liability policy between the nonresident and the certified carrier, and (3) there is a sufficient causal relationship between the nonresident's injuries and the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." *Goldstein v Progressive Cas Ins Co*, 218 Mich App 105, 109; 553 NW2d 353 (1996). Those requirements were reiterated in *Tevis v Amex Assurance Co*, 283 Mich App 76, 83; 770 NW2d 16 (2009), and *Perkins v Auto-Owners Ins Co*, 301 Mich App 658, 666-667; 837 NW2d 32 (2013).

Accordingly, based on both the plain language of the statute and the applicable caselaw, Czap was not entitled to claim PIP-benefits from defendant pursuant to MCL 500.3163(1) because her injuries did not arise "from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident." Czap's injuries arose when she was a pedestrian; they had nothing to do with her ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle.

Plaintiff argues that in adopting § 3163(4), the Legislature implicitly overruled both *Mills* and *Edquist*, and that it amends § 3163(1) to provide coverage to non-occupants of motor vehicles.

> The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. The first criterion in determining intent is the language of the statute. If the statutory language is clear and unambiguous, judicial construction in neither required nor permitted, and courts must apply the statute as written. . . . A liberal construction in favor of the public and the policyholders is preferred when the statute involved is an insurance law. [*Tevis*, 283 Mich App at 81 (citations omitted).]

Looking at the plain language of MCL 500.3163(4), it is clear that the use of the word "If" at the start of the subsection indicates that its application is conditioned on an insurer of an out-of-state resident's obligation to provide benefits under §§ 3163(1) to (3). In other words, § 3163(4) sets forth a conditional compound. Because plaintiff cannot show that defendant is "required to provide benefits" pursuant to § 3163(1), § 3163(4) does not apply.

We reverse the trial court's grant of summary disposition and remand for entry of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Jane M. Beckering